REVISED JULY 22, 2008

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

June 4, 2008

Charles R. Fulbruge III
Clerk

No. 07-50731

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ROGELIO CEPEDA-RIOS

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas

Before JONES, Chief Judge, and WIENER and CLEMENT, Circuit Judges.

PER CURIAM:

Rogelio Cepeda-Rios ("Cepeda-Rios") appeals the district court's imposition of an eight-level sentence enhancement for his guilty-plea conviction for illegal re-entry into the United States. He argues that his prior conviction for possession of a controlled substance does not qualify as an "aggravated felony" under the sentencing guidelines. We affirm.

## I. FACTS AND PROCEEDINGS

Cepeda-Rios pleaded guilty to illegal re-entry into the United States after removal, in violation of 8 U.S.C. § 1326. The presentence report ("PSR") recommended an eight-level upward adjustment based on Cepeda-Rios's prior

conviction for the sale of tar heroin, in violation of Section 11352 of the California Health and Safety Code. Cepeda-Rios filed an objection to the PSR, arguing that his § 11352 conviction was not an aggravated felony under federal law.

At sentencing, the district court overruled Cepeda-Rios's objection and imposed an eight-level upward adjustment. The court determined that the enhancement was appropriate because (1) Cepeda-Rios's conviction under § 11352 was an aggravated felony, and (2) even if the § 11352 conviction alone did not qualify as an aggravated felony, it could have been charged as a felony if it had been brought under federal law because Cepeda-Rios had a prior conviction for possession of a controlled substance. Cepeda-Rios was sentenced to a twenty-month term of imprisonment. He timely filed a notice of appeal.

## II. ANALYSIS

### A. Standard of Review

We review the district court's application of the sentencing guidelines de novo.[1]

### B. Merits

Section 2L1.2 of the Sentencing Guidelines provides for an eight-level upward adjustment if the defendant has been convicted of an aggravated felony. A commentary to the guidelines states that the term "aggravated felony" has the same meaning in §2L1.2 as it has in 8 U.S.C. § 1101(a)(43).[2] Section 1101(a)(43) defines "aggravated felony" as "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)."[3] Section 924(c) defines "drug trafficking crime" as

---

[1] United States v. Armendariz, 451 F.3d 352, 357 (5th Cir. 2006).

[2] U.S.S.G. § 2L1.2 cmt. n.3(A).

[3] 8 U.S.C. § 1101(a)(43)(B) (emphasis added).

2

"any felony punishable under the Controlled Substances Act ["(CSA")] (21 U.S.C. 801 et seq.)."[4]  Importantly to this appeal, simple possession is punishable as a felony under the CSA if the defendant "commits such offense after a prior conviction . . . for any drug, narcotic, or chemical offense chargeable under the law of any State."[5]

In Lopez v. Gonzales, the Supreme Court held that "a state offense constitutes a 'felony punishable under the Controlled Substances Act' only if it proscribes conduct punishable as a felony under that federal law."[6]  Therefore, we must look only to whether Cepeda-Rios's conviction would be considered an "aggravated felony" under federal law; whether the crime is classified as a felony or misdemeanor by the state of conviction is irrelevant.

The government concedes that Cepeda-Rios's conviction for possession under § 11352, standing alone, is not an aggravated felony.  The government insists, however, that the enhancement applies because Cepeda-Rios's second conviction for possession would have been a felony if prosecuted under the CSA. We agree.

In United States v. Sanchez-Villalobos, a case decided pre-Lopez, we upheld the application of the eight-level enhancement under § 2L1.2(b)(1)(C) when the defendant had two prior state convictions for possession of a controlled substance.[7]  We concluded that the defendant was eligible for the enhancement because his second conviction "could have been punished under § 844(a) as a

---

[4] 18 U.S.C. § 924(c)(2) (emphasis added).

[5] 21 U.S.C. § 844(a).

[6]  127 S. Ct. 625, 633 (2006).

[7] 412 F.3d 572, 577 (5th Cir. 2005).

felony with a penalty of up to two years imprisonment."[8]  Although this was an alternative holding, it is binding nonetheless.[9]

As noted, Sanchez-Villalobos was decided pre-Lopez, so we must determine whether the Supreme Court's decision requires us to abandon our holding in Sanchez-Villalobos that a second conviction for simple possession qualifies as an aggravated felony under the sentencing guidelines.  We conclude that we are not so compelled.

The holding in Lopez makes clear that the relevant inquiry is whether the prior crime at issue qualifies as a felony under federal law. Although the Lopez Court did not address whether a second conviction for possession constitutes an aggravated felony, it did recognize the applicability of the recidivist provisions in § 844(a).  Specifically, the Court stated

> Congress did counterintuitively define some possession offenses as "illicit trafficking."  Those state possession crimes that correspond to felony violations of one of the three statutes enumerated in § 924(c)(2), such as possession of cocaine base and recidivist possession, see 21 U.S.C. § 844(a), clearly fall within the definitions used by Congress in 8 U.S.C. § 1101(a)(43)(B) and 18 U.S.C. § 924(c)(2), regardless of whether these federal possession felonies or their state counterparts constitute "illicit trafficking in a controlled substance" or "drug trafficking" as those terms are used in ordinary speech.[10]

We find nothing in the Court's opinion in Lopez that overrules our holding in Sanchez-Villalobos.  The analysis employed there by the Supreme Court is consistent with our earlier "hypothetical" approach in Sanchez-Villalobos, viz.,

---

[8] Id.

[9] Pruitt v. Levi Strauss & Co., 932 F.2d 458, 465 (5th Cir. 1991) ("This circuit follows the rule that alternative holdings are binding precedent and not obiter dictum."), abrogated on other grounds by Floors Unlimited, Inc. v. Fieldcrest Cannon, Inc., 55 F.3d 181, 185-86 (5th Cir. 1995); McLellan v. Miss. Power & Light Co., 545 F.2d 919, 925 n.21 (5th Cir. 1977) ("It has long been settled that all alternative rationales for a given result have precedential value.").

[10] 127 S. Ct. at 630 n.6.

a state crime is to be deemed a felony if it would have been prosecuted as such under federal law.

Cepeda-Rios does not challenge the validity or finality of his prior state convictions.[11] Under the CSA, if his second possession offense had been prosecuted under federal law, it would have been punishable as a felony. "[I]t would not, as he contends, only have been punishable as a misdemeanor."[12] This is why Cepeda-Rios's second state conviction for possession must be treated as an aggravated felony for purposes of his sentence.

## III. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[11] Cepeda-Rios argues that the government's failure to comply with the procedural requirements of § 851(a) prohibit the court from enhancing his sentence under § 844(a) based on his first state possession conviction. Although Cepeda-Rios's argument would have merit if the government was actually seeking to prosecute him under § 844(a), he was not prosecuted under that section. Thus, the relevant inquiry under the sentencing guidelines is whether the crime is punishable under § 844(a). The United States was not a party to Cepeda-Rios's state law convictions; it had no opportunity and was not required to comply with the procedural requirements of § 851(a). Cepeda-Rios had the opportunity to object to the finality of his first state possession conviction at his federal sentencing hearing, but he did not do so.

[12] Sanchez-Villalobos, 412 F.3d at 577.