# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 29, 2008

Charles R. Fulbruge III
Clerk

No. 07-50965
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MIGUEL ANGEL GUTIERREZ-CHAVEZ

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-213-ALL

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Miguel Angel Gutierrez-Chavez appeals his sentence following his guilty plea conviction for illegal reentry after deportation, in violation of 8 U.S.C. § 1326. The district court enhanced Gutierrez-Chavez's sentence by eight levels based on a determination that his second state law conviction for possession of marijuana qualified as an "aggravated felony."

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Gutierrez-Chavez contends that in light of the Supreme Court's decision in Lopez v. Gonzales, 549 U.S. 47 (2006), his second state law conviction does not qualify as an aggravated felony. In United States v. Cepeda-Rios, 530 F.3d 333, 335-36 (5th Cir. 2008), we rejected the same arguments made by Gutierrez-Chavez in this appeal. For the reasons set forth in Cepeda-Rios, we also affirm Gutierrez-Chavez's sentence.

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Gutierrez-Chavez challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), cert. denied, 128 S. Ct. 872 (2008).

AFFIRMED.