IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 21, 2008

Charles R. Fulbruge III
Clerk

No. 07-40684
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JUAN AREVALO-SANCHEZ, also known as Javier Cuevas-Karr

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-864-1

Before KING, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:[*]

Juan Arevalo-Sanchez pleaded guilty to being an alien unlawfully found in the United States after deportation and following a conviction for an aggravated felony.  See 8 U.S.C. § 1326(a), (b).  On resentencing, the district court sentenced him to a 30-month term of imprisonment.

Arevalo-Sanchez argues that the district court erred in increasing his guidelines offense level by eight levels under U.S.S.G. § 2L1.2(b)(1)(C).  He

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argues that the district court erred in treating his second state conviction for simple possession of cocaine as an aggravated felony because the State did not plead and prove that he was a recidivist when it obtained the conviction, as is required under 21 U.S.C. §§ 844(a), 851. He argues that he was deprived of notice and proof of the prior conviction and of the opportunity to challenge the fact, finality, and validity of the prior conviction.

Lopez v. Gonzales, 549 U.S. 47, 127 S. Ct. 625, 633 (2006), has not altered our holding in United States v. Sanchez-Villalobos, 412 F.3d 572 (5th Cir. 2005), that a second state conviction for simple possession qualifies as an aggravated felony sufficient to support the imposition of the eight-level enhancement under § 2L1.2(b)(1)(C). United States v. Cepeda-Rios, 530 F.3d 333, 335 (5th Cir. 2008). A failure to comply with the procedural requirements of § 851(a) in obtaining the second drug possession conviction does not prohibit the district court from enhancing a sentence on this basis. See id. at 336 n.11.

Although Arevalo-Sanchez argues that his second state offense did not qualify as an aggravated felony because he was not given the opportunity to challenge the fact, finality, and validity of the prior conviction, he provided no basis in the district court either at the original sentencing hearing or on resentencing, and provides no basis on appeal, for challenging the fact, finality, or validity of the prior conviction. See Cepeda-Rios, 530 F.3d at 336 n.11 (noting that Cepeda-Rios "had the opportunity to object to the finality of his first state possession conviction at his federal sentencing hearing, but he did not do so").

AFFIRMED.