IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 21, 2008

Charles R. Fulbruge III
Clerk

No. 08-50107
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

URIEL GUTIERREZ-MEDINA, also known as Javier Robert Rocha

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-2477-ALL

Before KING, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:[*]

Uriel Gutierrez-Medina (Gutierrez) appeals the sentence following his guilty plea conviction for being unlawfully present in the United States following removal. The district court determined that Gutierrez's second prior California conviction for possession of methamphetamine qualified as an "aggravated felony" under U.S.S.G. § 2L1.2(b)(1)(C).

Gutierrez argues that, pursuant to the Supreme Court's decision in Lopez v. Gonzales, 549 U.S. 47, 127 S. Ct. 625 (2006), his second conviction for simple

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

possession of methamphetamine under California law does not constitute an "aggravated felony." He contends that his two prior drug possession convictions did not establish a prior aggravated felony conviction because the Government did not plead and prove the prior convictions, and he was not convicted under California recidivist enhancement procedures. He recognizes that the Court in Lopez, 127 S. Ct. at 630 n.6, observed in a footnote that 21 U.S.C. § 844(a) makes a second possession conviction a federal felony if the Government shows knowing possession and proves a prior possession conviction through the procedures specified in 21 U.S.C. § 851. However, he argues that under Lopez, the second state possession conviction must be brought under state recidivist procedures that conform to the procedures in § 844 and § 851.

We recently rejected the argument raised by Gutierrez. See United States v. Cepeda-Rios, 530 F.3d 333, 335-36 (5th Cir. 2008). The district court properly determined that Gutierrez's second prior California conviction for possession of methamphetamine was an "aggravated felony" under § 2L1.2(b)(1)(C). See id.

AFFIRMED.