IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 5, 2008

Charles R. Fulbruge III
Clerk

No. 07-40494
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JORGE LUIS GUTIERREZ-QUINTANILLA

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:06-CR-121-ALL

Before SMITH, STEWART and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jorge Luis Gutierrez-Quintanilla (Gutierrez) appeals his sentence on remand following his guilty plea conviction for illegal reentry in violation of 8 U.S.C. § 1326. The district court determined that Gutierrez's second state law conviction for possession of marijuana qualified as an "aggravated felony" under U.S.S.G. § 2L1.2(b)(1)(C).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Gutierrez contends that, in light of the Supreme Court's decision in Lopez v. Gonzales, 549 U.S. 47 (2006), and because the Government did not satisfy the procedural requirements of 21 U.S.C. § 851, his second state law conviction does not qualify for an aggravated felony enhancement. We recently rejected the same arguments in United States v. Cepeda-Rios, 530 F.3d 333, 334-36 (5th Cir. 2008).

Gutierrez also argues that district court's ruling is contrary to the legislative intent of Congress and the Sentencing Commission, but this argument is also unavailing in light of Cepeda-Rios. See id. at 335 (discussing Congressional intent in adopting relevant statutory provisions); § 2L1.2, comment. (n.3(A)) (adopting the definition of "aggravated felony" contained in 8 U.S.C. § 1101(a)(43) for purposes of § 2L1.2).

AFFIRMED.