# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 6, 2009

Charles R. Fulbruge III
Clerk

No. 07-11309
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MARIA IZAGUIRRE-MEZA

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CR-155-ALL

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Maria Izaguirre-Meza appeals the 36-month sentence imposed following her guilty plea conviction for illegal reentry after removal from the United States in violation of 8 U.S.C. § 1326(a) & (b)(2). She argues that the district court erred in determining that her prior state convictions for possession of a controlled substance were aggravated felonies for purposes of U.S. SENTENCING GUIDELINES MANUAL § 2L1.2(b)(1)(C) (2006). She argues that because her state possession convictions were not subject to a state

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

recidivist enhancement, they should not be considered an aggravated felony for sentencing purposes under § 2L1.2(b)(1)(C). She also argues that the procedural safeguards mandated under federal and state law for application of a recidivist enhancement were not satisfied. She acknowledges United States v. Cepeda-Rios, 530 F.3d 333, 335-36 (5th Cir. 2008), but argues that it did not address the notice issues presented in this case.

In Cepeda-Rios, 530 F.3d at 335-36, we held that Lopez v. Gonzales, 549 U.S. 47 (2006), did not require that this court abandon its holding in United States v. Sanchez-Villalobos, 412 F.3d 572, 577 (5th Cir. 2005), that a second state conviction for simple possession qualified as an aggravated felony, which supported the imposition of the eight-level enhancement under § 2L1.2(b)(1)(C). Similarly, Izaguirre-Meza has four prior state convictions for possession of a controlled substance, at least two of which if filed in federal court would have been punishable as a felony under § 844(a). Thus, the district court did not err in determining that at least one of her prior convictions may be treated as an aggravated felony for sentencing purposes under § 2L1.2(b)(1)(C). See Cepeda-Rios, 530 F.3d at 335-36.

We also rejected Cepeda-Rios's argument that the Government's failure to comply with the procedural requirements of § 851(a) prohibited the district court from enhancing his sentence under § 844(a) based on his first state possession conviction. Id. at 335-36 & n.11. This court noted that the relevant inquiry was whether the crime was punishable under § 844(a), rather than whether the Government actually sought to prosecute the defendant under § 844(a). Id. This court observed further that "Cepeda-Rios had the opportunity to object to the finality of his first state possession conviction at his federal sentencing hearing, but he did not do so." Id. Likewise, Izaguirre-Meza did not challenge the existence, validity, or finality of her prior state possession convictions at her federal sentencing hearing or on appeal. Because the Government did not actually seek to prosecute Izaguirre-Meza under the

Controlled Substances Act, and was not a party to Izaguirre-Meza's state court convictions, § 851(a) notice was not necessary. See id. Further, in Lopez, the Supreme Court held that the sentencing court "must look only to whether [a defendant's] conviction would be considered an 'aggravated felony' under federal law; whether the crime is classified as a felony or misdemeanor by the state of conviction is irrelevant." See id. at 334. Similarly, the state notice requirements are also irrelevant to the determination of whether the § 2L1.2 enhancement is warranted. See id.

AFFIRMED.