# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 11, 2009

Charles R. Fulbruge III
Clerk

No. 08-50573
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

LIBRADO LIENDO-SAUCEDO

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:06-CR-1624-ALL

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:*

Librado Liendo-Saucedo (Liendo) pleaded guilty to illegally reentering the United States following a prior deportation, and he appealed the 87-month sentence that was originally imposed. We remanded the case for resentencing. On remand, the district court sentenced Liendo to 48 months of imprisonment and a three-year term of non-reporting supervised release. Liendo now appeals that newly imposed sentence.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Liendo argues that the district court erred by imposing an eight-level sentencing enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(C). Specifically, he argues that, pursuant to the Supreme Court's decision in *Lopez v. Gonzales*, 549 U.S. 47 (2006), his second conviction for simple possession of marijuana under Colorado law does not constitute an "aggravated felony" warranting the eight-level increase. As Liendo concedes, his arguments are foreclosed by *United States v. Cepeda-Rios*, 530 F.3d 333, 335-36 & n. 11 (5th Cir. 2008).

Liendo argues that the 48-month sentence imposed by the district court is unreasonable. The district court expressly considered the sentencing factors set forth at 18 U.S.C. § 3553(a) in selecting the sentence. The district court found this sentence appropriate in light of Liendo's personal and criminal histories, his likelihood of recidivism, the need to promote a respect for the law, and the need to provide a deterrent to future criminal behavior. We note that the district court expressed concern with these same factors at Liendo's original sentencing hearing. Neither the district court's variance from the advisory guidelines range nor the extent of the variance constitutes an abuse of discretion. *See Gall v. United States*, 128 S. Ct. 586, 596-97 (2007).

Liendo maintains that, by analyzing and applying pertinent caselaw and statutes in responding to Liendo's objections to the presentence report, the probation officer violated Texas law by engaging in the unauthorized practice of law. He asserts that the probation officer's actions violated his right to due process and undermined the fairness of the sentencing proceeding. The probation officer's analysis was made during the course of performing the duties assigned to her by 18 U.S.C. § 3603, by FED. R. CRIM. P. 32, and by the district court. Liendo has not alleged or shown that he was prevented from presenting arguments or testimony in support of his objections to the presentence report. Nor has he shown that the district court deviated from the requirements of Rule 32. Liendo has not shown a due process violation or that his sentencing proceeding was unfair.

In light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), Liendo challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.  This argument is, as Liendo concedes, foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998). *United States v. Pineda-Arrellano*, 492 F.3d 624, 625 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 872 (2008).

The judgment of the district court is AFFIRMED.