# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 14, 2009

Charles R. Fulbruge III
Clerk

No. 08-60524
Summary Calendar

DENNIS BONDKRAFT BRUCE, also known as Edzeil Bennett,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
A26 145 437

Before BENAVIDES, PRADO, AND SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Petitioner Dennis Bondkraft Bruce, a native and citizen of Jamaica, seeks review of the Board of Immigration Appeals' (Board) order that affirmed the removal decision by the Immigration Judge (IJ) on the basis of new charges of removability. We remanded Bruce's second appeal to the Board for review following the Supreme Court's decision in Lopez v. Gonzales, 549 U.S. 47 (2006) for the proper application of Bruce's drug conviction and qualification as an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

aggravated felony under the Controlled Substances Act (CSA). The Board reaffirmed its earlier decision that the convictions constitute a drug trafficking aggravated felony because the marijuana convictions could have been punishable under the recidivist provision of 21 U.S.C. § 844(a) (2006). Thus, Bruce was subject to removal because of his convictions and rendered ineligible for cancellation of removal under the Immigration and Nationality Act (INA).

This Court has statutory jurisdiction to review final orders of removal. INA § 242, 8 U.S.C. § 1252. However, this jurisdiction is restricted by INA § 242(a)(2)(C), which states that courts do not have jurisdiction "to review any final order of removal against an alien" who is removed for crimes relating to a controlled substance under Section 237(a)(2)(B)(i). 8 U.S.C. § 1252(a)(2)(C). Additionally, we are generally forbidden from reviewing removal orders for cases in which the alien has been convicted of an aggravated felony. Carachuri-Rosendo v. Holder, 570 F.3d 263, 265 (5th Cir. 2009) (citations omitted). Notwithstanding, we retain jurisdiction to review facts and issues involving a question of law. § 1252(a)(2)(D). Because Bruce's petition falls within this exception, we review the Board's rulings of law de novo. See Carachuri-Rosendo, 570 F.3d at 265.

Bruce specifically challenges the determination that his convictions for possession of a controlled substance constitute "aggravated felonies" under 8 U.S.C. § 1101(a)(43)(B). Bruce contends that because he was never convicted under a recidivist statute, that his offenses should not be considered aggravated felonies. For the reasons set forth below, we dismiss his petition in part for lack of jurisdiction and deny in part because the Board correctly decided that Bruce's convictions constitute an aggravated felony.

Earlier this year, we noted that federal statutes referring to drug trafficking also includes recidivist state possession offenses. See Carachuri-Rosendo, 570 F.3d at 265 (quoting United States v. Cepeda-Rios, 530 F.3d 333,

335 (5th Cir. 2008)). The Supreme Court in Lopez decided that if the conduct proscribed by the state offense could have been prosecuted under the CSA as a felony, then the state conviction qualifies as an aggravated felony under 8 U.S.C. § 1101(a)(43)(B). Lopez, 549 U.S. at 60. In United States v. Sanchez-Villalobos, 412 F.3d 572, 576 (5th Cir. 2005), this Court concluded that two state convictions for possession could be punished as a felony under the CSA's recidivism provisions.[1] Later, this Court in Cepeda-Rios stated its approach to this issue from Sanchez-Villalobos was still viable after Lopez and again decided that a second state possession offense punishable as a felony under federal law qualified as an aggravated felony under 8 U.S.C. § 1101(a)(43)(B). 530 F.3d at 334-35. The Carachuri-Rosendo court affirmed the Board's en-banc decision determining that even though the petitioner had been convicted twice of misdemeanor possession charges but was not charged as a recidivist, the convictions met the definition of an aggravated felony under the CSA. 570 F.3d at 265.

Here, the facts are similar to those in Carachuri-Rosendo because Bruce asserts that his state possession convictions cannot meet the definition of an aggravated felony under the CSA since he was not charged as a recidivist. This argument is inapposite to what the Carachuri-Rosendo court explicitly stated. 570 F.3d at 265. Bruce's convictions for possession of a controlled substance constitute an aggravated felony under INA § 101(a)(43)(B), 8 U.S.C. § 1101(a)(43)(B) because his third offense would have been punishable under the recidivist provision of 21 U.S.C. § 844(a) as a felony, and by extension, a drug trafficking aggravated felony. Thus, Bruce is removable under INA § 237(a)(2)(B)(i), 8 U.S.C. § 1252(a)(2)(C).

---

[1] The Supreme Court in Lopez v. Gonzalez, 549 U.S. 47 (2006), abrogated one of the Sanchez-Villalobos' holdings but left intact this determination. See Carachuri-Rosendo, 570 F.3d at 266-67.

Bruce also argues that the Board abused its discretion for failing to address his motion to remand and motion to change venue and that these failures resulted in "substantial constitutional challenges." Bruce's assertions do not involve a constitutional claim; instead they merely ask this Court to replace the Board's rulings with a new outcome. See Hadwani v. Gonzales, 445 F.3d 798, 800-01 (5th Cir. 2006) (stating that mere propositions constituting abuse of discretion arguments cannot be cloaked in constitutional garb and pass as a constitutional claim); see also Torres-Aguilar v. INS, 246 F.3d 1267, 1271 (5th Cir. 2001) (preventing the petitioner from establishing jurisdiction by cloaking arguments in constitutional garb). Because Bruce merely disagrees with the Board's decision and does not raise a constitutional claim or question of law on these challenges, we lack jurisdiction to review.

Accordingly, the petition for review is DENIED.