# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 12, 2010

No. 09-40494
Conference Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUANA MIREYA PENA-DE JUAREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:08-CR-1155-1

Before GARZA, DENNIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Juana Mireya Pena-De Juarez (Pena) appeals the sentence imposed following her guilty plea conviction of violating 8 U.S.C. § 1326 by being found in the United States without permission, following removal. She contends that the district court erred by enhancing her offense level by eight, pursuant to United States Sentencing Guideline § 2L1.2(b)(1)(C), based on her two state drug possession convictions. Citing *Lopez v. Gonzales*, 549 U.S. 47 (2006), Pena contends that the definition of "drug trafficking" does not include simple

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

possession offenses and thus her state convictions are not aggravated felonies as that term is defined in 8 U.S.C. § 1101(a)(43) for purposes of § 2L1.2(b)(1)(C). She further argues that her second state drug possession offense does not correspond to a felony violation of the Controlled Substances Act because recidivist proceedings were not invoked in her case.

In *United States v. Cepeda-Rios*, 530 F.3d 333, 335-36 (5th Cir. 2008), we held that, even after *Lopez*, a second state conviction for simple possession of a controlled substance qualifies as an aggravated felony that supports the imposition of the eight-level enhancement under § 2L1.2(b)(1)(C). Accordingly, the judgment of the district court is AFFIRMED.