# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 14, 2010

Lyle W. Cayce
Clerk

No. 09-40559
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ALFREDO MENDOZA-DELGADO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:09-CR-15-1

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, JOLLY, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jose Alfredo Mendoza-Delgado (Mendoza) pleaded guilty to being found unlawfully in the United States following deportation and conviction of an aggravated felony and was sentenced to a 24-month term of imprisonment. Mendoza appealed his sentence, arguing that his second drug possession offense should not have been considered an aggravated felony for purposes of U.S.S.G. § 2L1.2(b)(1)(C) because the Government did not establish that the offense was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prosecuted under state recidivism laws providing Mendoza with notice and procedural protections commensurate with those prescribed by 21 U.S.C. § 851. We affirmed the judgment of the district court, relying on our decision in *United States v. Cepeda-Rios*, 530 F.3d 333, 335-36 (5th Cir. 2008). *United States v. Mendoza-Delgado*, No. 09-40559 (5th Cir. Dec. 15, 2009).

After Mendoza petitioned for a writ of certiorari, the Supreme Court vacated our decision and remanded the case for consideration in light of *Carachuri-Rosendo v. Holder*, __ S. Ct. __, 2010 WL 2346552 (June 14, 2010) (No. 09-60). *Mendoza-Delgado v. United States*, No. 09-8474, slip op. (June 21, 2010). The Court in *Carachuri-Rosendo* held that "when a defendant has been convicted of a simple possession offense that has not been enhanced based on the fact of a prior conviction, he has not been 'convicted' under [8 U.S.C.] § 1229b(a)(3) of a 'felony punishable' as such 'under the Controlled Substances Act,' 18 U.S.C. § 924(c)(2)." 2010 WL 2346552, at *11. In accordance with the Supreme Court's ruling in *Carachuri-Rosendo*, we VACATE the sentence and REMAND for resentencing.