# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 11, 2010

Lyle W. Cayce
Clerk

No. 10-40052
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MORIS JIMENEZ-RIVAS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:09-CR-789-1

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Appealing the judgment in a criminal case, Moris Jimenez-Rivas presents arguments that he initially conceded were foreclosed by *United States v. Cepeda-Rios*, 530 F.3d 333, 335-36 (5th Cir. 2008), which held that even after *Lopez v. Gonzales*, 549 U.S. 47 (2006), a second state conviction for simple possession of a controlled substance qualifies as an aggravated felony that supports the imposition of an eight-level enhancement under U.S.S.G.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 2L1.2(b)(1)(C).    Because the arguments were foreclosed, the Government moved for a summary affirmance, or in the alternative, to suspend the appeal.

Subsequent to the Government's motion, the Supreme Court held in an immigration proceeding that "when a defendant has been convicted of a simple possession offense that has not been enhanced based on the fact of a prior conviction, he has not been 'convicted' under [8 U.S.C.] § 1229b(a)(3) of a 'felony punishable' as such 'under the Controlled Substances Act.'" *Carachuri-Rosendo v. Holder*, 2010 WL 2346552 at *11 (June 14, 2010) (No. 09-60).    The Supreme Court noted that "[t]he mere possibility that the defendant's conduct, coupled with facts outside of the record of conviction, could have authorized a felony conviction under federal law is insufficient . . . ."    *Id.*

Jimenez-Rivas now moves, without opposition, to vacate and remand for resentencing.    IT IS ORDERED that, in light of *Carachuri-Rosendo*, Jimenez-Rivas's motion to vacate his sentence and to remand his case to the district court for resentencing is GRANTED.    The motion to issue the mandate forthwith is also GRANTED.    As the Government has not opposed the motion to vacate, its prior motions for summary affirmance and to suspend the appeal are DENIED.