# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 1, 2010

Lyle W. Cayce
Clerk

No. 10-20011
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RENEE SALGADO CASIMIRO, also known as Mojica Alberto Vaca, also known
as Renee Gacimido Salgodor, also known as Alberto Mojica Vaca, also known as
Renee Salgado-Casimiro, also known as Ruben Mendez Mojica, also known as
Alberto Mojica,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
UDC No. 4:09-CR-526-1

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Appealing the judgment in a criminal case, Renee Salgado Casimiro
presents arguments that he initially conceded were foreclosed by *United States
v. Cepeda-Rios*, 530 F.3d 333, 335-36 (5th Cir. 2008), which held that even after
*Lopez v. Gonzales*, 549 U.S. 47 (2006), a second state conviction for simple
possession of a controlled substance qualifies as an aggravated felony that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

supports the imposition of an eight-level enhancement under U.S.C.G. § 2L1.2(b)(1)(C). Because the arguments were foreclosed at the time, the Government moved for summary affirmance.

After the summary-affirmance motion was filed, the Supreme Court held in an immigration proceeding that "when a defendant has been convicted of a simple possession offense that has not been enhanced based on the fact of a prior conviction, he has not been 'convicted' under [8 U.S.C.] § 1229b(a)(3) of a 'felony punishable' as such 'under the Controlled Substances Act.'" *Carachuri-Rosendo v. Holder*, 2010 WL 2346552 at *11 (June 14, 2010) (No. 09-60). The Supreme Court noted that "[t]he mere possibility that the defendant's conduct, coupled with facts outside of the record of conviction, could have authorized a felony conviction under federal law is insufficient . . . ." *Id.*

Casimiro now moves, without opposition, to vacate the district court's judgment and to remand for resentencing in light of *Carachuri-Rosendo*. Accordingly, IT IS ORDERED that, in light of *Carachuri-Rosendo*, Casimiro's motion to vacate his sentence and to remand his case to the district court for resentencing is GRANTED. The motion to issue the mandate forthwith is also GRANTED. The Government's motions for summary affirmance and to suspend the briefing notice are DENIED.