# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 15, 2010

No. 10-20111
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

EDILBERTO AYESTAS ZELAYA, also known as Ediberto Isae Ayestas, also known as Edilberto Isae Ayestas Zelaya, also known as Edilberto Ayesta, also known as Edilberto Isae Ayestas-Zelaya, also known as Edilberto Ayestas-Zelaya,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-268-1

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Edilberto Ayestas Zelaya pled guilty to illegal reentry following deportation after conviction of an aggravated felony, in violation of 8 U.S.C. §§ 1326(a), (b)(1), and was sentenced to twenty-three months in prison. Ayestas Zelaya appeals his sentence, arguing that the district court erred when it increased his offense level by eight levels pursuant to U.S.S.G. § 2L1.2(b)(1)(C).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ayestas Zelaya argues his second state conviction for simple possession did not constitute an aggravated felony but concedes that his argument is foreclosed by *United States v. Cepeda-Rios*, 530 F.3d 333, 335-36 (5th Cir. 2008).

After Ayestas Zelaya filed his brief, however, the Supreme Court held in an immigration proceeding that "when a defendant has been convicted of a simple possession offense that has not been enhanced based on the fact of a prior conviction, he has not been 'convicted' under [8 U.S.C.] § 1229b(a)(3) of a 'felony punishable' as such 'under the Controlled Substances Act.'" *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577, 2589 (2010).  The Supreme Court noted that "[t]he mere possibility that the defendant's conduct, coupled with facts outside of the record of conviction, could have authorized a felony conviction under federal law is insufficient . . . ." *Id.*

Ayestas Zelaya now moves, without opposition, to vacate and remand for resentencing.  IT IS ORDERED that, in light of *Carachuri-Rosendo*, Ayestas Zelaya's motion to vacate his sentence and to remand his case to the district court for resentencing is GRANTED. The motion to issue the mandate forthwith is also GRANTED.