# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 11, 2009

Charles R. Fulbruge III
Clerk

No. 08-40486
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

LUIS ALBERTO ROSALES-HURTADO

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:07-CR-1167-ALL

Before SMITH, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Luis Alberto Rosales-Hurtado (Rosales) appeals the 30-month sentence imposed following his guilty-plea conviction under 8 U.S.C. § 1326(a) and (b)(2) for being found unlawfully present after removal from the United States. He argues that the district court erred in determining that his prior state conviction for possession of a controlled substance was an "aggravated felony" for purposes of U.S.S.G. § 2L1.2(b)(1)(C).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rosales maintains that, for purposes of 21 U.S.C. § 844(a), the record did not sufficiently show that his first state drug-possession conviction was final before he committed the second drug-possession offense. Rosales is incorrect. At sentencing, the Government submitted a copy of a judgment showing that Rosales was convicted in Texas, pursuant to a guilty plea, in January 2002 for possession of a controlled substance (Xanax). There is no indication in the record that Rosales appealed this conviction or that he had received permission to do so. Thus, based on the evidence in the record, Rosales's January 2002 conviction became final in February 2002. See TEX. R. APP. P. 26.2(a); Jones v. State, 77 S.W.3d 819, 822-23 (Tex. Crim. App. 2002). The charging instrument from Rosales's June 2005 Texas marijuana-possession conviction indicates that Rosales committed this later offense in March 2005, after his January 2002 conviction had become final.

Rosales also argues that because his state possession convictions were not subject to a state recidivist enhancement, they should not be considered aggravated felonies for sentencing purposes under § 2L1.2(b)(1)(C). He acknowledges our holding to the contrary in United States v. Cepeda-Rios, 530 F.3d 333, 335-36 (5th Cir. 2008), but argues that it did not address the notice issues presented in this case.

In Cepeda-Rios, 530 F.3d at 335-36, we held that Lopez v. Gonzales, 549 U.S. 47 (2006), did not require that this court abandon its holding in United States v. Sanchez-Villalobos, 412 F.3d 572, 577 (5th Cir. 2005), that a second conviction for simple possession qualified as an aggravated felony which supported the imposition of the eight-level enhancement under § 2L1.2(b)(1)(C). Because Rosales has two prior state convictions for possession of a controlled substance and the 2005 marijuana-possession conviction would have been punishable as a felony under § 844(a) if prosecuted in federal court, the district court did not err in treating Rosales's 2005 state drug-possession conviction as

an aggravated felony for sentencing purposes under § 2L1.2(b)(1)(C). See Cepeda-Rios, 530 F.3d at 335-36.

We also rejected Cepeda-Rios's argument that the Government's failure to comply with the procedural requirements of 21 U.S.C. § 851(a) prohibited the district court from enhancing his sentence under § 2L1.2(b)(1)(C) and § 844(a) based on his first state possession conviction. Id. at 336 n.11. This court noted that the relevant inquiry was whether the crime was punishable under § 844(a), rather than whether the Government actually sought to prosecute the defendant under § 844(a). Id. This court observed further that "Cepeda-Rios had the opportunity to object to the finality of his first state possession conviction at his federal sentencing hearing, but he did not do so." Id. Likewise, Rosales did not challenge the existence, validity, or finality of his prior drug possession convictions at his federal sentencing hearing or on appeal. Because the Government did not actually seek to prosecute Rosales under the Controlled Substances Act, and was not a party to Rosales's state court convictions, § 851(a) notice was not necessary. See id. Further, under Lopez, a federal sentencing court "must look only to whether [a defendant's] conviction would be considered as an 'aggravated felony' under federal law; whether the crime is classified as a felony or misdemeanor by the state of conviction is irrelevant." See id. at 334. Similarly, the state notice requirements are also irrelevant to the determination of whether the § 2L1.2 enhancement is warranted. See id.

AFFIRMED.