# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 27, 2009

Charles R. Fulbruge III
Clerk

No. 07-41132

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAVIER ANDRADE-AGUILAR,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas

Before BARKSDALE, DENNIS, and ELROD, Circuit Judges.

JENNIFER W. ELROD, Circuit Judge:

Javier Andrade-Aguilar (Andrade) appeals the district court's imposition of an eight-level sentence enhancement following his guilty-plea conviction for illegal reentry into the United States in violation of 8 U.S.C. § 1326. He argues that his second of two prior state law convictions for possession of a controlled substance does not qualify as an "aggravated felony" under the Federal Sentencing Guidelines, because the Government did not show that the preceding conviction was final at the time he committed the second offense. We agree, and accordingly reverse.

## I. FACTS AND PROCEEDINGS

The district court adopted the conclusion of the presentence report ("PSR") that Andrade's second state law conviction for simple possession of less than one gram of cocaine qualified as an "aggravated felony" under United States Sentencing Guideline § 2L1.2(b)(1)(C). This finding of recidivism triggered an eight-level enhancement.

Andrade objected to this finding, both in his written response to the PSR and at sentencing. He contended that his first state law conviction was not yet final by the time he committed the second state law offense, and that the latter conviction could not therefore be considered an "aggravated felony" under federal law. Judgment for the first state law offense was entered, and a sentence imposed, on July 16, 2001 ("the July conviction"). The second state law offense occurred slightly less than four months later, on November 9, 2001 ("the November offense").

## II. DISCUSSION

*A. Standard of Review*

We review the district court's interpretation and application of the Guidelines *de novo*. *United States v. Adam*, 296 F.3d 327, 334 (5th Cir. 2002).

*B. Merits*

1. "Aggravated Felony" under the CSA

Section 2L1.2(b)(1)(C) of the Federal Sentencing Guidelines provides for an eight-level enhancement if the defendant has been convicted of an "aggravated felony." The term "aggravated felony" in § 2L1.2(b)(1)(C) includes "any felony punishable under the Controlled Substances Act [CSA]." *United States v. Cepeda-Rios*, 530 F.3d 333, 334 (5th Cir. 2008) (quotation marks omitted) (emphasis omitted). Our initial point of inquiry, therefore, is whether either of Andrade's state law convictions is punishable as a "felony" under the CSA.

The Supreme Court has adopted the "hypothetical federal felony" approach to determine whether a prior state law conviction constitutes a felony: courts look to parallel federal law to see whether the offense, if prosecuted federally (here, under the CSA), could carry a sentence exceeding one year. *Lopez v. Gonzales*, 549 U.S. 47, 56 & n.7, 60 (2006). The parties agree that under federal law, only Andrade's conviction for the November offense could carry such a sentence, and only if Andrade committed that offense after "a prior conviction for any drug, narcotic, or chemical offense chargeable under the law of any State, *has become final.*" 21 U.S.C. § 844(a) (emphasis added). Therefore, the narrow question before us is whether Andrade's first state law conviction, judgment of which was entered July 16, 2001, was "final" for purposes of § 844(a) (and thus § 2L1.2) by the time he committed his second state law offense on November 9, 2001.[1] Andrade preserved the issue of finality by objecting to the district court's determination of that question.[2]

### 2. "Finality" under the CSA

The Government contends that the fact of the July conviction, combined with the passage of nearly four months, rendered the July conviction final by the time of the November offense. The district court initially accepted the Government's argument that the July conviction was final, stating: "Well, Exhibit 1 has – or Exhibit 2 has a stamp that says, 'Appeal waived. No

---

[1] Our pre- and post-*Lopez* decisions agree that the finality question is one of federal law. *See United States v. Fazande*, 487 F.3d 307, 308 (5th Cir. 2007) (post-*Lopez*); *United States v. Morales*, 854 F.2d 65, 68 (5th Cir. 1988) (pre-*Lopez*) ("We may examine state law, for informational purposes, but we are not bound by its treatment of a felony conviction when we apply the federal sentence-enhancement provisions.").

[2] This is a crucial distinction from the cases that were the focus of the letter briefs filed by the parties in this case: *United States v. Cepeda-Rios*, 530 F.3d 333, 335 (5th Cir. 2008) (noting that defendant did not contest the finality of his prior state-law conviction); *United States v. Rosales-Hurtado*, 309 F. App'x 909, 911 (5th Cir. 2009) (same); *United States v. Cruz-Meza*, 2009 WL 330900, at *5 (5th Cir. Feb. 11, 2009) (unpublished) (defendant failed to assert below that he had appealed his prior state-law conviction or that it "*was otherwise not final before he committed*" the subsequent federal offense) (emphasis added). Andrade challenged the finality of his prior state-law conviction both at sentencing and on appeal.

permission to appeal granted.'" Exhibit 2, however, is Andrade's *second* state law conviction—the conviction for the November offense. Counsel for Andrade clarified this,[3] but his objection was overruled. The district court proceeded to recite information pertaining to the state law convictions.

> [Andrade's] objection's overruled. The Court finds that they do meet – I mean, there is sufficient evidence in the record of – of the fact that they're – cause number 882089. The date of the offense was 7/13/01. The date of judgment was 7/16/01 [the July conviction]. Sentence was imposed 7/16/01.
>
> In Government's Exhibit 2, which is the judgment on a plea of guilty in cause number 893465, the date of arrest – or date of offense is 11/9/2001 [the November offense]. The adjudication and judgment is December 12th, 2001, for possession of cocaine for which there was a sentence of — I mean, so it was a felony offense for which he was — received one year and — and it's got age, JC, which corresponds to the section which indicates that the sentence — the punishment imposed is one year in the Harris County Jail.
>
> And so pursuant to that evidence, the Court finds that it is a – these convictions are considered a drug trafficking crime . . . because they are punishable under the [CSA] and are felonies under federal law.

The court imposed an eight-level enhancement. It then adopted the findings of the PSR, which calculated Andrade's total offense level to be 13—a base level of eight, plus the enhancement of eight, minus three levels for acceptance of responsibility—and sentenced him to 34 months' confinement.

There is no indication on the face of the July conviction (Exhibit 1) or elsewhere in the record that Andrade waived appeal of the July conviction. For the enhancement to have been correct, therefore, the July conviction must be shown to have been final as of November 9, 2001.

---

[3] The Government compounded the confusion of the two convictions in its brief, but admitted the error at oral argument.

3. Burden of Demonstrating Finality under the CSA

Because the Government sought the sentencing enhancement, it bore the burden to demonstrate finality. *United States v. Herrera-Solorzano*, 114 F.3d 48, 50 (5th Cir. 1997) ("The burden is on the party seeking to adjust the sentence level to prove by a preponderance of the relevant and sufficiently reliable evidence" that a prior conviction qualifies for the enhancement.) (quotation marks omitted). In *Herrera-Solorzano*, we vacated the defendant's sentence because "[t]he district court erred in failing to put the government to its burden of proving, by a preponderance of the evidence, that [defendant] indeed was sentenced to a prison term of at least five years." *Id*. The Government complains that Andrade failed to "demonstrate that the earlier cocaine possession conviction [the July conviction] was not final at the time he committed the second cocaine possession offense." But just as in *Herrera-Solorzano*, it was the Government's burden to demonstrate that fact, not Andrade's. We will now turn to the question whether the Government did so.

In claiming that the July conviction was final, the Government cites: (1) the judgment of conviction itself, (2) the district court's mistaken initial conclusion that that appeal had been stamped "Appeal waived," and (3) Texas Rule of Appellate Procedure 26.2(a).[4] The Government also complains generally of the difficulty of proving a negative (a defendant's failure to appeal). We find none of these arguments persuasive.

First, here as in *Herrera-Solorzano*, the judgment of conviction is not clear enough on the controlling question to be probative (much less dispositive): indeed, it contains no suggestion of waiver or finality whatsoever. *See Herrera-Solorzano*, 114 F.3d at 50. Second, as noted above and ultimately conceded by the Government at oral argument, the relevant conviction was not stamped

---

[4] Additionally, the Government argues that Andrade waived appellate review of finality by failing to present evidence that he had appealed the first conviction. However, because the burden to demonstrate finality was the Government's, this argument is of no avail.

"Appeal waived." Third, Texas Rule of Appellate Procedure 26.2(a) provides merely that the defendant has 30 days from the date of sentencing to file a direct appeal. Unclear from the record, however, is whether the period for both direct and discretionary review had expired. We have explained:

> [T]he final-conviction language of § 841(b)(1)(B) applies to a conviction which is no longer subject to examination on direct appeal, including an application for certiorari to the United States Supreme Court, either because of disposition on appeal and conclusion of the appellate process, or because of the passage, without action, of the time for seeking appellate review.

*United States v. Morales*, 854 F.2d 65, 69 (5th Cir. 1988).[5] In *Smith v. Gonzales,* we found the provisions requiring finality of state court convictions contained in § 844(a) to be analogous to that found in § 841(b)(1). 468 F.3d 272, 277 (5th Cir. 2006) (quoting the language above from *Morales*). Thus, to show finality, the Government was required to show by a preponderance of the evidence both that (1) Andrade's July conviction was "no longer subject to examination on direct appeal" within the meaning of *Morales*, *and* (2) that it was not subject to discretionary review by any court. *See id.* at 277–78 (finding that the deadline for a direct appeal had passed but discretionary review was still available). However, the Government failed to establish either of these two facts.[6] Accordingly, the Government failed to prove by a "preponderance of the relevant

---

[5] A petition for a writ of certiorari to the United States Supreme Court "seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review." SUP. CT. R. 13(1).

[6] In some cases, the passage of a substantial period of time may itself satisfy these requirements. *See, e.g., United States v. Vasquez*, 298 F.3d 354, 359 (5th Cir. 2002) (deeming conviction final where 334 days had elapsed between date of prior conviction and date of subsequent offense). Here, however, the gap between the prior (July) conviction, at which sentence was imposed, and the subsequent (November) offense was 115 days. If Andrade timely filed a direct appeal of his July conviction, that conviction may not have been final at the time of his November offense. Even if any direct appeal was unsuccessful, a petition for discretionary review filed before the November offense with the state court—or with the U.S. Supreme Court, if denied by the state court—may have been timely.

and sufficiently reliable evidence" that Andrade's July conviction was final and thus that his conviction for the November offense qualified for the enhancement imposed. *Herrera-Solorzano*, 114 F.3d at 50.

### 4. Error not Harmless

We further find that the error was not harmless. Andrade concedes that he may have been eligible for a four-level increase under U.S.S.G. §2L1.2(b)(1)(D), which he claims would yield a total offense level of 10. On that analysis, given his criminal history category of VI, the appropriate Guidelines range would have been 24 to 30 months' imprisonment. Applying a total offense level of 14, the district court calculated the range as 33–41 months, sentencing Andrade to 34 months. Andrade therefore received at least four months more than the longest sentence under the harshest Guidelines range for which he may have been eligible. The district court did not indicate any departure or basis for departure from a Guidelines sentence.

## III. ON REMAND

On remand, the Government will bear the burden of demonstrating by a preponderance of the relevant and sufficiently reliable evidence that, at the time of his November offense, Andrade's July conviction was subject to examination neither by (1) direct review in the Texas courts nor (2) discretionary review in any court. *Smith*, 468 F.3d at 277; *Herrera-Solorzano*, 114 F.3d at 50; *Morales*, 854 F.2d at 69. The key issue will be whether Andrade's July conviction was final, within the meaning of *Morales*, by the time of his November offense.[7]

---

[7] Andrade argues that the Government is getting a second bite at the apple when it already had ample opportunity to meet its burden in the district court. While this argument has some force, our precedent favors remand. *See, e.g., United States v. Martinez-Paramo*, 380 F.3d 799, 806 (5th Cir. 2004) (observing that "the Government should have already obtained and introduced all of the relevant documents into the record"—basic documents such as an information, plea agreement, and plea colloquy—but nevertheless remanding for resentencing and supplementation of the record).

## IV. CONCLUSION

For the foregoing reasons, the sentence of the district court is VACATED AND REMANDED for proceedings consistent with this opinion.