# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 16, 2009

Charles R. Fulbruge III
Clerk

No. 09-40596
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VICENTE ANELL REYES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:09-CR-241-1

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Vicente Anell Reyes (Anell) appeals the 25-month prison sentence he received after he pleaded guilty and was convicted of being found unlawfully present in the United States after deportation following an aggravated-felony conviction. He argues that the district court erred in determining that an earlier Texas conviction for drug possession was an "aggravated felony" warranting an eight-level offense-level increase under U.S.S.G. § 2L1.2(b)(1)(C).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Anell first argues that the Government did not establish, for purposes of 21 U.S.C. § 844(a), that his first state drug-possession conviction was final before he committed the drug-possession offense used to enhance his sentence. When the Government seeks to enhance a sentence for illegal reentry under § 2L1.2(b)(1)(C), the Government bears the burden of proving by a preponderance of the evidence that the defendant committed an aggravated felony. *United States v. Andrade-Aguilar*, 570 F.3d 213, 217 (5th Cir. 2009); *United States v. Herrera-Solorzano*, 114 F.3d 48, 50 (5th Cir. 1997). For Anell's second drug-possession conviction to qualify as an aggravated felony, the Government had to prove that Anell committed it after his first drug-possession offense became final. *See Smith v. Gonzales*, 468 F.3d 272, 277 (5th Cir. 2006). A conviction is final if it is no longer subject to challenge on direct appeal or discretionary review by any court. *Andrade-Aguilar*, 570 F.3d at 218.

To establish that the first drug-possession conviction was final when Anell committed the second drug-possession offense, the Government submitted the judgments of conviction, which revealed that Anell was first convicted of drug possession in February 2003 (judgment was entered in March 2003) and that he possessed drugs again in January 2007. The Government, however, did not submit docket sheets or any other direct proof that the first conviction was not under review when Anell committed the second crime.

Anell's first drug-possession conviction, which under Texas law must be appealed within 30 days, *see* TEX. R. APP. P. 26.2, occurred nearly four years before the second offense. This court has explained that the passage of a "substantial amount of time" can, by itself, satisfy the finality requirement. *Andrade-Aguilar*, 570 F.3d at 218 n.6. There is no evidence in the record that Anell appealed or otherwise challenged the first conviction; notably, Anell does not allege that he sought review. Given the passage of nearly four years, the Government's proof of finality was sufficient.

Anell next contends that it was improper to use the second drug-possession offense to enhance his sentence because the Government did not prove that he received the benefit of notice and procedural safeguards equivalent to those outlined in 21 U.S.C. § 851 when he was convicted of that crime. He correctly concedes, however, that this argument is foreclosed by this court's decision in *United States v. Cepeda-Rios*, 530 F.3d 333 (5th Cir. 2008).

The judgment of the district court is AFFIRMED.