# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 18, 2010

Charles R. Fulbruge III
Clerk

No. 08-41246
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TOMAS MARES-CALDERON,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:08-CR-1035

Before KING, STEWART and HAYNES, Circuit Judges.

PER CURIAM:[*]

Tomas Mares-Calderon (Mares) has appealed the 33-month sentence imposed following entry of his guilty plea to being found in the United States unlawfully following deportation. Mares's offense level was increased by eight levels pursuant to U.S.S.G. § 2L1.2(b)(1)(C) because, prior to his deportation in 2006, Mares was convicted in Texas in 1996 of possession of marijuana and in 1999 of possession of a controlled substance. The second conviction was regarded as an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(B) and U.S.S.G.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 2L1.2(b)(1)(C) because it could have been prosecuted as a felony under the recidivist clause of 21 U.S.C. § 844. Mares contends on appeal that the district court reversibly erred in imposing the eight-level adjustment. He argues that his second possession conviction was not punishable as a felony under § 844(a) because (1) the Government failed to prove that the offense underlying this conviction was committed after a prior possession conviction had become final; and (2) the Government failed to prove that the conviction was secured in compliance with strict procedural requirements comparable to those in 21 U.S.C. § 851.

Ordinarily, this court reviews the district court's application of the Sentencing Guidelines de novo and its factual findings for clear error. *United States v. Smith*, 440 F.3d 704, 706 (5th Cir. 2006). The Government argues that Mares's contention with respect to proof of the finality of the first conviction was not raised sufficiently below and, therefore, should be reviewed for plain error. Mares's written objection was "sufficiently specific to alert the district court to the nature of the alleged error." *United States v. Neal*, 578 F.3d 270, 272-73 (5th Cir. 2009).

Simple possession of a controlled substance may be punishable as a felony under the Controlled Substances Act only if it is committed after a prior conviction for a controlled substance violation has become final. § 844(a); *Smith v. Gonzales*, 468 F.3d 272, 277 (5th Cir. 2006). A conviction is final if it is no longer subject to challenge on direct appeal or discretionary review by any court. *United States v. Andrade-Aguilar*, 570 F.3d 213, 218 (5th Cir. 2009). The Government bore the burden of proving finality by a preponderance of the evidence. *See id.* at 217. The record contains copies of the charging instrument and judgment related to the 1996 conviction and the charging instrument and "record of criminal actions" related to the 1999 conviction. Mares does not contend (and the record does not reflect) that he appealed or sought discretionary review of his 1996 conviction.

The Government's burden of showing finality for § 844(a) purposes may be satisfied in some cases by the passage of a substantial amount of time without a direct appeal or discretionary review. *Id.* at 218 & n.6. Under Texas law, Mares had 30 days from sentencing to appeal his first state possession conviction. *See* TEX. R. APP. P. 26.2(a)(1). The passage of about three years between his 1996 conviction and the commission of his 1999 offense would make it extremely unlikely that the 1996 conviction was not final by date on which the 1999 was committed. *See Andrade-Aguilar*, 570 F.3d at 218 n.6. The Government met its burden of proof with respect to finality of the first state conviction. *See id.*

Mares's argument concerning § 851 is also unavailing. Although he indicates that his argument concerning § 851 is "apparently" foreclosed by this court's decision in *United States v. Cepeda-Rios*, 530 F.3d 333, 335-36 (5th Cir. 2008), he also contends that his argument differs from the one rejected in *Cepeda-Rios*. Specifically, he argues that his later possession convictions do not qualify as aggravated felonies because there has been no showing that a state prosecutor prosecuting those cases invoked procedures equivalent to those set out in § 851. As we noted in *Cepeda-Rios*, "the relevant inquiry under the sentencing guidelines is whether the crime is *punishable* under § 844(a)." 530 F.3d at 336 n.11 (emphasis in original). The Government satisfied its burden of proof in that regard.

The judgment of the district court is AFFIRMED.