# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 28, 2010

Lyle W. Cayce
Clerk

No. 08-41287
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JORGE PUILDO-ISLAS,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:08-CR-766-ALL

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jorge Puildo-Islas appeals the 37-month sentence he received for his guilty plea conviction to being found unlawfully in the United States after having been deported following a felony conviction. Puildo-Islas argues that the district court reversibly erred by applying the eight-level enhancement under U.S.S.G. § 2L1.2(b)(1)(C). Puildo-Islas argues that, because there is no information in the record regarding whether Puildo-Islas appealed his January 26, 2006, drug convictions, the government failed to prove that his subsequent drug conviction,

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

on May 10, 2007, was committed after his January 26, 2006, convictions were final, as required under 21 U.S.C. § 844(a). Puildo-Islas also argues that his May 10, 2007, conviction was not punishable as a felony recidivist possession under § 844(a) because the government failed to prove that the conviction was secured in compliance with strict procedural requirements comparable to those in 21 U.S.C. § 851.

Puildo-Islas concedes that review is for plain error because he failed to object to the enhancement in the district court. *See United States v. Hernandez-Martinez*, 485 F.3d 270, 272-73 (5th Cir. 2007). To show plain error, Puildo-Islas must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Puildo-Islas's arguments regarding the finality of his January 26, 2006, convictions are unavailing. The record indicates that the government introduced the judgments for Puildo-Islas's January 26, 2006, and May 10, 2007, drug convictions, that approximately one year passed between his January 26, 2006, convictions and the commission of his 2007 offense, and that Puildo-Islas has not asserted that he appealed his January 26, 2006, convictions, or otherwise sought discretionary review. Ordinarily, it is the government's burden to show that a previous conviction was "final" for the purposes of § 844(a) and where the record is silent, we will not assume finality absent the passage of a substantial amount of time. *See United States v. Andrade-Aguilar*, 570 F.3d 213, 217-18 & n.6 (5th Cir. 2009). Under Florida law, Puildo-Islas had thirty days to appeal his conviction to the Florida appellate courts. See Fla. R. App. P. 9.140(b)(3). Pursuant to Supreme Court Rule 13(1), a petition for a writ of certiorari to the United States Supreme Court "seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is

2

timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review." Here, unlike in *Andrade-Aguilar*, where only 115 days passed between the prior judgement of conviction and the subsequent offense, the passage of 362 days is enough to establish that the prior conviction was "final" for the purposes of § 844(a). *See* 570 F.3d at 217-18 & n.6.

Puildo-Islas's arguments concerning § 851 are also unavailing. Although he indicates that his argument concerning § 851 "appears" to be foreclosed by this court's decision in *United States v. Cepeda-Rios*, 530 F.3d 333, 335-36 (5th Cir. 2008), he also contends that his argument differs from the one rejected in *Cepeda-Rios*. Specifically, he argues that his later possession conviction does not qualify as an aggravated felony because there has been no showing that a state prosecutor prosecuting that case invoked procedures equivalent to those set out in § 851. As we noted in *Cepeda-Rios*, "the relevant inquiry under the sentencing guidelines is whether the crime is *punishable* under § 844(a)." 530 F.3d at 336 n.11 (emphasis in original). The government satisfied its burden of proof in that regard.

The judgment of the district court is AFFIRMED.