# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 30, 2010

No. 08-40503
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RUBEN RANGEL-IBARRA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:07-CR-1181-1

Before JONES, Chief Judge, and DAVIS and WIENER, Circuit Judges.

PER CURIAM:[*]

Ruben Rangel-Ibarra appeals the 41-month sentence he received for his conviction for being an alien found unlawfully in the United States after having been deported following an aggravated felony conviction. He contends that the district court erred in applying an eight-level enhancement under U.S.S.G. § 2L1.2(b)(1)(C). He argues that his successive drug convictions were not punishable as a felony under 21 U.S.C. § 844(a), and consequently did not qualify as an "aggravated felony" for purposes of § 2L1.2(b)(1)(C), because (1) the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Government failed to prove that the offenses underlying those convictions were committed after one of his prior drug convictions had become final and (2) the Government failed to prove that those convictions were secured in compliance with notice and procedural requirements that were commensurate to those in 21 U.S.C. § 851.

Because Rangel-Ibarra preserved these arguments in the district court, the district court's application of § 2L1.2(b)(1)(C) is reviewed de novo, and the district court's factual findings are reviewed for clear error. Section 2L1.2 adopts the definition of "aggravated felony" contained in 8 U.S.C. § 1101(a)(43). § 2L1.2, comment. (n.3(A)). Under § 1101(a)(43)(B), "aggravated felony" means "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." Under § 924(c)(2), the definition of "drug trafficking crime" includes "any felony punishable under the Controlled Substances Act" (CSA). Simple possession of a controlled substance may be punishable as a felony under the CSA only if it is committed after a prior conviction for a controlled substance violation has become final. § 844(a); *Smith v. Gonzales*, 468 F.3d 272, 277 (5th Cir. 2006). According to the Government, Rangel-Ibarra satisfied the "aggravated felony" definition under § 1101(a)(43)(B) and § 2L1.2(b)(1)(C) because at least one of his simple drug-possession offenses was committed after one of his prior drug convictions had become final.

A conviction is final if it is no longer subject to challenge on direct appeal or discretionary review by any court. *United States v. Andrade-Aguilar*, 570 F.3d 213, 218 (5th Cir. 2009). Because the Government sought the § 2L1.2(b)(1)(C) enhancement, the Government bore the burden of proving finality by a preponderance of the evidence. *See id.* at 217. To establish that Rangel-Ibarra had at least one drug conviction that was final when he committed a later drug-possession offense, the Government introduced into evidence the judgments for two of Rangel-Ibarra's prior convictions: his

November 1996 Florida conviction for trafficking cannabis and his 2004 Texas conviction for possession of marijuana. According to the 2004 judgment, Rangel-Ibarra committed the offense underlying the 2004 conviction on January 1, 2004.

The Government's burden of showing finality for § 844(a) purposes may be satisfied in some cases by the passage of a substantial amount of time without a direct appeal or discretionary review. *Andrade-Aguilar*, 570 F.3d at 218 & n.6. Under Florida law, Rangel-Ibarra's window for filing a direct appeal of his 1996 conviction was 30 days. *See* FLA. R. APP. P. 9.140(b)(3). Rangel-Ibarra has not asserted that he appealed the 1996 conviction, much less that he sought discretionary review of the conviction. The passage of about seven years between his 1996 conviction and the commission of his 2004 offense would make it extremely unlikely that the 1996 conviction had not become final by January 2004. *See Andrade-Aguilar*, 570 F.3d at 218 n.6. The Government's introduction of the judgments for Rangel-Ibarra's 1996 and 2004 drug convictions satisfied its burden of proof regarding finality. *See id.*

Rangel-Ibarra's argument concerning § 851 is also unavailing. Although he indicates that his argument concerning § 851 is "apparently" foreclosed by this court's decision in *United States v. Cepeda-Rios*, 530 F.3d 333, 335-36 (5th Cir. 2008), he also contends that his argument differs from the one rejected in *Cepeda-Rios*. Specifically, he argues that his later possession convictions do not qualify as aggravated felonies because there has been no showing that a state prosecutor prosecuting those cases invoked procedures equivalent to those set out in § 851. As we noted in *Cepeda-Rios*, "the relevant inquiry under the sentencing guidelines is whether the crime is *punishable* under § 844(a)." 530 F.3d at 336 n.11 (emphasis in original). The Government satisfied its burden of proof in that regard.

The judgment of the district court is AFFIRMED.