# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 7, 2010

No. 09-50670

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WILLIAM ROSS HOOVER,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-46-1

Before JONES, Chief Judge, and REAVLEY and HAYNES, Circuit Judges.

PER CURIAM:*

William Ross Hoover appeals his sentence following his conviction for importing and possessing with intent to distribute marijuana. He argues that he should not have been subject to an enhanced statutory mandatory minimum sentence because the Government failed to meet its burden of establishing the finality of a prior state drug conviction at the time he committed the instant offenses. We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-50670

Hoover's mandatory minimum statutory sentence was increased from five years to ten years because the district court found that Hoover committed the instant offenses "after a prior conviction for a felony drug offense has become final." 21 U.S.C. § 841(b)(1)(B).  Approximately four months before committing the instant drug offenses, Hoover pleaded guilty in Texas state court to possession of marijuana and was sentenced to five years of deferred adjudication probation.  As evidence that the state conviction was final, the Government submitted the state court judgment and a document captioned "Criminal Records Detail Results," which was akin to a state docket sheet and which showed that no appeal had been filed in Hoover's state case by April 3, 2009. Hoover contends that these documents were insufficient to establish that his state conviction was final.

A conviction is final when it is no longer subject to examination on direct appeal and is not subject to discretionary review in any court.  *See United States v. Andrade-Aguilar*, 570 F.3d 213, 218 (5th Cir. 2009).  The Government bears the burden of proving finality based on a preponderance of the evidence.  *Id.*

In *Andrade-Aguilar*, we held that a state judgment showing the defendant was convicted in state court 115 days before the federal offense was insufficient to show the state conviction was final because the judgment did not show that the defendant had waived his appellate rights, and it was unclear from the record whether the period for both direct and discretionary review had expired. *Id.*  Hoover contends that his case is controlled by *Andrade-Aguilar*.  Unlike that case, however, the Government here offered evidence from the state court docket sheet in addition to the state court judgment.  In Texas, a judgment of deferred adjudication becomes final thirty days after it is imposed if it is not appealed. *See United States v. Vasquez*, 298 F.3d 354, 358–59 (5th Cir. 2002).  A notice of appeal must be filed with the trial court clerk, *see* TEX. R. APP. P. 25.2(c)(1), who is required by law to maintain a record of all proceedings in criminal cases.  TEX.

2

No. 09-50670

CODE CRIM. PROC. ANN. art. 33.07. Because Hoover's state docket sheet shows that no appeal had been filed in Hoover's case, and the time for filing a direct appeal has passed, the district court did not err in finding that the conviction is final.

Hoover contends that the docket sheet is unreliable and may not support a finding that he did not file a notice of appeal. He argues that the docket sheet is uncertified and lacks information that a complete and accurate docket sheet would be expected to contain. Specifically, he argues that it lacks a certification pursuant to TEX. R. APP. P. 25.2(a)(2) & (h) that he was advised of his appellate rights. We are unconvinced. The document reflects that a notice of rights/admonishments was given to Hoover on the same date that judgment was entered. Hoover makes no argument that there is anything otherwise inaccurate about the docket sheet, and we find that it contains sufficient indicia of reliability, including all pertinent data about Hoover, the offense of conviction, and the case disposition. Because Hoover offers no reasonable ground to question the regularity of the docket sheet, and we see none, we hold that the district court properly considered it. *See, e.g., United States v. Strickland*, 601 F.3d 963, 969–70 (9th Cir. 2010) (en banc) (holding that lack of certification of state docket sheet was not itself a legitimate ground to question its reliability as evidence of the type of prior offense defendant committed).

Hoover also argues that the docket sheet is unreliable as proof of finality because it does not reflect whether he sought discretionary review in the Texas Court of Criminal Appeals or in the United States Supreme Court. He argues that a trial court docket sheet would not reflect the pendency of discretionary review because a petition for discretionary review in the Texas Court of Criminal Appeals is filed with the clerk of the appellate court, not the trial court, *see* TEX. R. APP. P. 68.3, and a petition for writ of certiorari is filed in the United States Supreme Court. *See* SUP. CT. R. 1.1, 12.1, 29.1. In order to obtain discretionary

3

review in the Court of Criminal Appeals, however, Hoover was required to first appeal to the state appellate court. *See Farrell v. State*, 864 S.W.2d 501, 502 (Tex. Crim. App. 1993) (Court of Criminal Appeals' "review is limited to decisions of the courts of appeals"); TEX. R. APP. P. 68.1 ("On petition by any party, the Court of Criminal Appeals may review a court of appeals' decision in a criminal case."); TEX. R. APP. P. 71.1 (providing direct appeal to the Court of Criminal Appeals only in capital cases and when bail pending trial has been denied, neither of which is applicable in the instant case). Similarly, to obtain certiorari from the Supreme Court, Hoover would have had to first seek review in the Texas Court of Criminal Appeals. *See* SUP. CT. R. 10, 13.1. Because we know from the docket sheet that Hoover filed no appeal at all, his conviction was not subject to discretionary review in any court.

Based on the preponderance of evidence standard, we are satisfied that the Government met its burden of proof to show that Hoover's prior conviction was final at the time he committed the instant offenses.

AFFIRMED.