# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 7, 2011

Lyle W. Cayce
Clerk

No. 08-41246
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TOMAS MARES-CALDERON,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:08-CR-1035

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, STEWART and HAYNES, Circuit Judges.

PER CURIAM:[*]

Tomas Mares-Calderon appealed a 33-month sentence imposed following entry of his guilty plea to being found in the United States unlawfully following deportation. At sentencing, Mares-Calderon's offense level was increased by eight levels pursuant to U.S.S.G. § 2L1.2(b)(1)(C) because, prior to his deportation in 2006, Mares-Calderon was convicted in Texas in 1996 of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-41246

possession of marijuana and in 1999 of possession of a controlled substance. The district court regarded Mares-Calderon's second conviction as an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(B) and U.S.S.G. § 2L1.2(b)(1)(C) because it could have been prosecuted as a felony under the recidivist clause of 21 U.S.C. § 844.

This court affirmed the conviction and sentence on direct appeal. *United States v. Mares-Calderon*, 370 F. App'x 518 (5th Cir. 2010). On October 4, 2010, the Supreme Court granted certiorari, vacated the judgment of this court, and remanded the case for further consideration in light of *Carachuri-Rosendo v. Holder*, 130 S.Ct. 2577 (2010). *Mares-Calderon v. United States,* 131 S.Ct. 80 (2010). On November 19, 2010, Mares-Calderon completed his term of imprisonment and was released by the Bureau of Prisons. On November 22, 2010, Mares-Calderon was deported from the United States.

On remand, Mares-Calderon asks this court to "summarily remand his case for entry of corrected judgment reflecting conviction and sentencing under 8 U.S.C. § 1326(b)(1)." He argues that because *Carachuri-Rosendo* vitiated the treatment of his 1999 conviction as an "aggravated felony," he is entitled to a corrected judgment. According to him, the judgment should be corrected because "[a] conviction under 8 U.S.C. § 1326(b)(2) as opposed to a conviction under § 1326(b)(1) has numerous implications and collateral consequences." We deny Mares-Calderon's request for two reasons.

First, as a practical matter, it is unclear what correction Mares-Calderon wants us to order on remand. In his written submissions, he suggests that the criminal judgment in this case should be amended to reflect a "conviction" under § 1326(b)(1) as opposed to one under § 1326(b)(2). Our review of the record, however, reveals that Mares-Calderon's criminal judgment is silent on whether the district court relied on § 1326(b)(1) or § 1326(b)(2). Indeed, the criminal judgment merely refers to 8 U.S.C. § 1326(b). Because the judgment does not refer to § 1326(b)(2), it is unnecessary to order the correction Mares-Calderon

2

requests.

Second, remand is improper because this case is moot. "A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 286 (2000) (internal quotation marks and citation omitted). Where a litigant's primary stake in the outcome becomes moot, federal courts will allow the suit to proceed only where some collateral consequence of the litigation's outcome persists. *Alwan v. Ashcroft*, 388 F.3d 507, 511 (5th Cir. 2004).

As a threshold matter, we must clarify the nature of Mares-Calderon's conviction. Contrary to his representations, Mares-Calderon was not convicted under § 1326(b)(2). Rather, his conviction is based on a violation of § 1326(a), which, as the Supreme Court has observed, actually defines a substantive offense. *Almendarez-Torres v. United States*, 523 U.S. 224, 226 (1998) ("Subsection (a) of 8 U.S.C. § 1326 defines a crime."). Subsection (b), on the other hand, merely serves as a "penalty provision, which simply authorizes a court to increase the sentence for a recidivist." *Id.*; *accord United States v. Vasquez-Olvera*, 999 F.2d 943, 945 (5th Cir. 1993) (holding that subsection (b) is a sentence-enhancement provision and not a separate criminal offense). Because it is clear that Mares-Calderon could not have been convicted under § 1326(b)(2), we interpret his arguments regarding § 1326(b) as attacking his sentence and not his underlying criminal conviction for illegal reentry.

In light of this clarification, it is evident that this case is moot. Mares-Calderon's primary stake in his challenge to his sentence disappeared when he was released from prison and deported in November 2010. These circumstances, combined with the fact that Mares-Calderon is inadmissible under 8 U.S.C. § 1182 (a)(9)(A),[1] are enough to moot Mares-Calderon's challenge to his sentence.

---

[1] Mares-Calderon was removed from the United States for illegal reentry at least once before his conviction in this case.

No. 08-41246

*See United States v. Rosenbaum-Alanis*, 483 F.3d 381, 383 (5th Cir. 2007) (finding that a challenge to a sentence was moot because the inadmissible defendant completed his term of imprisonment and was deported).[2]

Put simply, this case is moot.  As a result, Mares-Calderon's request for remand and reformation of his criminal judgment is DENIED for want of appellate jurisdiction.  This appeal is therefore DISMISSED.

---

[2]  The fact that Mares-Calderon is challenging his sentence, and not his conviction, renders this case distinguishable from our decision in *Alwan*.  In *Alwan*, we determined that the BIA's categorization of a conviction as an "aggravated felony" produced collateral consequences–namely, permanent inadmissibility–that prevented the petitioner's case from being moot.  Unlike the petitioner in *Alwan*, Mares-Calderon has failed to present any collateral consequences that would flow from the application of sentencing enhancements under § 1326(b).  This distinction also renders our decision in *United States v. Villanueva-Diaz* inapposite.  634 F.3d 844, 848-49 (5th Cir. 2011) (finding that a case was not moot because the petitioner was challenging his conviction and recognizing the collateral consequences that can stem from a criminal conviction).

No. 08-41246

HAYNES, Circuit Judge, writing specially:

I agree with the majority opinion that "it is unnecessary to order the correction Mares-Calderon requests" and, therefore, would not reach the question of mootness. His request should be denied as unnecessary.