# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-40652
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 23, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARLOS GONZALEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:11-CR-1233-1

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Carlos Gonzalez was convicted by a jury of possession with intent to distribute 100 kilograms or more of marijuana. After Gonzalez admitted to having a prior felony drug offense under 21 U.S.C. § 841(b)(1)(B), the district court sentenced him to a statutory minimum sentence of 120 months in prison, to be followed by an eight-year term of supervised release.

On appeal, Gonzalez asserts that the district court erred by denying his motion to suppress the evidence found during a search of the trailer he was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

towing because the Border Patrol agent who stopped him lacked reasonable suspicion of criminal activity.  The area's close proximity to the border, the agent's experience in detecting illegal activity under similar situations, Gonzalez's nervous behavior, and the negative return on the paper license tags attached to the trailer, viewed in totality and in the light most favorable to the Government, provided a constitutional basis for stopping Gonzalez.  *See, e.g.*, *United States v. Neufeld-Neufeld*, 338 F.3d 374, 379 (5th Cir. 2003); *United States v. Jacquinot*, 258 F.3d 423, 428-29 (5th Cir. 2001); *United States v. Saenz*, 578 F.2d 643, 646-47 (5th Cir. 1978).  Although Gonzalez complains that it is possible that the dispatcher mistyped the plate number or conducted an inadequate search, the agent was entitled to rely in good faith on the information he received.  *United States v. DeLeon-Reyna*, 930 F.2d 396, 399 (5th Cir. 1991).

Gonzalez contends that two trial errors, either individually or cumulatively, warrant reversal of his conviction.  He first maintains that the district court should have granted his motion for a mistrial after the Border Patrol agent gave an unsolicited statement about Gonzalez's prior arrests.  Gonzalez has not shown that the district court abused its discretion in denying the motion or that there exists a significant probability that the admission of the statement substantially impacted the jury's verdict.  *United States v. Lucas*, 516 F.3d 316, 345 (5th Cir. 2008).  Gonzalez also maintains that the agent's testimony about no return on the license tag constituted impermissible hearsay and violated the Confrontation Clause.  Because Gonzalez objected on hearsay grounds, we review this claim for an abuse of discretion, but the lack of a Confrontation Clause objection results in plain error review of that assertion.  *United States v. Acosta*, 475 F.3d 677, 680 (5th Cir. 2007); *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 757 (5th Cir. 2008).  Gonzalez has not established that admission of the statement constituted an abuse of discretion or a clear or obvious error.  *See Williams v. Illinois*, 132 S. Ct. 2221, 2235 (2012);

*Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Dunigan*, 555 F.3d 501, 507 (5th Cir. 2009). Additionally, Gonzalez has not established that the admission substantially affected the jury verdict or affected his substantial rights. *See Puckett*, 556 U.S. at 135; *United States v. Crawley*, 533 F.3d 349, 353 (5th Cir. 2008). His allegations of cumulative trial error are insufficient to warrant reversal. *See United States v. Delgado*, 672 F.3d 320, 343-44 (5th Cir.), *cert. denied*, 133 S. Ct. 525 (2012).

In his final ground for relief, Gonzalez challenges his sentencing enhancement under § 841(b)(1)(B). He first contends that the enhancement scheme of § 841 and 21 U.S.C. § 851 is unconstitutional because, in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Government must allege in an indictment that the prior conviction was "final" before the instant offense occurred and this fact must be found by a jury or admitted by the defendant. Because Gonzalez did not object on this ground in the district court, we review for plain error. *See United States v. Salazar*, 542 F.3d 139, 147 (5th Cir. 2008). Gonzalez is unable to show the existence of a clear or obvious error on the question whether the *finality* of the prior conviction is an issue beyond the *fact* of a prior conviction. *See Puckett*, 556 U.S. at 135; *United States v. Henao-Melo*, 591 F.3d 798, 806 (5th Cir. 2009). Alternatively, Gonzalez contends that the Government failed to satisfy its burden of proving the finality of the prior conviction. Given the passage of 14 years between the prior Texas judgment and the instant offense and the absence of evidence indicating that the Texas offense is not final, Gonzalez is unable to show that he is entitled to relief. *See, e.g.*, *United States v. Andrade-Aguilar*, 570 F.3d 213, 218 & n.6 (5th Cir. 2009). The judgment of the district court is therefore AFFIRMED.