# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40065
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 12, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GUSTAVO GONZALEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:13-CR-279-1

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Gustavo Gonzalez appeals his conviction for possession with intent to distribute more than 1,000 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1), and his sentence of 240 months of imprisonment and 10 years of supervised release. He contends that there was insufficient evidence to support his conviction; that his enhanced sentence was the result of prosecutorial vindictiveness; and that the enhancement in 21 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§§ 841(b)(1)(A) and 851 is unconstitutional and, alternatively, that the Government failed to prove that he warranted such an enhancement.

As Gonzalez concedes, his claim of error that there was insufficient evidence that he knew the type and quantity of drugs that he possessed is foreclosed by our decision in *United States v. Betancourt*, 586 F.3d 303, 308-09 (5th Cir. 2009). We review Gonzalez's remaining claims of error for plain error because he failed to preserve them for appeal. *See United States v. Salazar*, 542 F.3d 139, 147 (5th Cir. 2008); *United States v. Thomas*, 991 F.2d 206, 215 (5th Cir. 1993). To show plain error, Gonzalez must show that the error was clear or obvious and affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but only if it "'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

After Gonzalez elected to proceed to trial, the Government filed an information and notice of enhancement alleging that Gonzalez was previously convicted of a final felony drug offense and therefore subject to a 20-year statutory minimum sentence. To prove actual vindictiveness, Gonzalez had to "present objective evidence that the government acted solely to punish him for exercising his legal rights, and that the reasons proffered by the government are pretextual." *United States v. Saltzman*, 537 F.3d 353, 364 (5th Cir. 2008). The Government never stated that it was seeking the enhancement either to influence or in response to Gonzalez's election to proceed to trial. Contrary to Gonzalez's argument, the district court did not make an explicit finding of actual vindictiveness given that the district court did not rule on the issue of prosecutorial vindictiveness. The timing of the enhancement and the district court's observation that the Government has a practice of seeking the

enhancement when a defendant goes to trial do not demonstrate by a preponderance of the evidence that the Government sought the enhancement "solely" to punish Gonzalez for proceeding to trial. *Id.* There was no clear or obvious error. *See Olano*, 507 U.S. at 734; *United States v. Cooks*, 52 F.3d 101, 105-06 (5th Cir. 1995).

The presumption of vindictiveness applies when "there exists a realistic likelihood of vindictiveness." *Saltzman*, 537 F.3d at 359 (internal quotation marks and citation omitted). The fact that the Government increased the possible penalty against Gonzalez after he elected to proceed to trial is insufficient to apply the presumption of vindictiveness. *See United States v. Goodwin*, 457 U.S. 368, 381-84 (1982); *Saltzman*, 537 F.3d at 363; *Cooks*, 52 F.3d at 106. *United States v. Meyer*, 810 F.2d 1242, 1245-49 (D.C. Cir. 1987), on which Gonzalez relies, is distinguishable. *See Saltzman*, 537 F.3d at 362-63. There was no clear or obvious error. *See Olano*, 507 U.S. at 734.

Regarding the constitutionality of the enhancement scheme of §§ 841 and 851, Gonzalez is unable to show a clear or obvious error on the question whether the finality of the prior conviction is an issue beyond the fact of a prior conviction. *See Alleyne v. United States*, 133 S. Ct. 2151, 2163 (2013); *Almendarez-Torres v. United States*, 523 U.S. 224, 239-47 (1998); *Olano*, 507 U.S. at 734. Given the passage of nearly six years between the prior conviction and the instant offense and the absence of evidence indicating that the prior conviction is not final, Gonzalez has failed to show a clear or obvious error regarding the finality of that conviction. *See United States v. Andrade-Aguilar*, 570 F.3d 213, 218 n.6 (5th Cir. 2009).

The judgment of the district court is AFFIRMED.