**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Dione Romaine SPENCER,**
**Defendant–Appellant.**

No. 01–3894.

United States Court of Appeals,
Sixth Circuit.

April 29, 2002.

Before RYAN, BOGGS, and COLE, Circuit Judges.

## ORDER

Dione Romaine Spencer appeals his judgment of conviction and sentence. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

Spencer pleaded guilty to charges of using or carrying a firearm in relation to a crime of violence and armed robbery, violations of 18 U.S.C. §§ 924(c)(1) & 2113(a), (d). He was sentenced to ninety-two months of imprisonment to be followed by three years of supervised release.

In this timely appeal, Spencer's appointed counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Spencer was notified of counsel's motion to withdraw. He has responded by filing, purportedly under the authority of 18 U.S.C. § 3582(c)(2), a pro se motion to modify the terms of his imprisonment.

We will grant the motion to withdraw as it reflects that counsel has reviewed the

entire record and proceedings and has submitted the following issue for review: whether Spencer could be held criminally liable for using a firearm when his accomplice brandished a gun during the robbery. Counsel states this issue but also concedes that it lacks merit.

Spencer's pro se § 3582(c)(2) motion lacks merit. Spencer claims that he was improperly sentenced because he did not use a firearm during the bank robbery. Section 3582 provides specific circumstances under which a district court may modify a defendant's sentence. *United States v. Ross,* 245 F.3d 577, 585 (6th Cir.2001). None of the apposite circumstances is present in this case. *See id.* at 586. In addition, nothing in the statute's language authorizes an original action on appeal.

■ To the extent that Spencer's contention can be construed as a challenge to the sentence imposed—rather than as a motion to modify the sentence—it is without merit. Spencer was properly held liable for his accomplice's use of a firearm. *See United States v. Bandy,* 239 F.3d 802, 805, (6th Cir.2001); *Rattigan v. United States,* 151 F.3d 551, 557–58 (6th Cir.1998) (defendant may be convicted of aiding and abetting a § 924(c) violation even if the defendant never had actual possession of a firearm during the course of committing the crime).

The record reflects that the district court properly accepted Spencer's valid guilty plea. A plea of guilty is valid if entered knowingly, voluntarily, and intelligently; its validity is determined under the totality of the circumstances. *North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *Brady v. United States,* 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The Constitution requires that such circumstances reflect that the defendant be informed of all

the direct consequences of his plea. *Brady,* 397 U.S. at 755. The district court explained to Spencer the rights he was waiving (including a conditional waiver of the right to appeal his sentence), the statutory maximum sentences involved, and the application of the Sentencing Guidelines. Fed.R.Crim.P. 11(c)(1), (c)(3), (c)(6). Spencer acknowledged his guilt of the crime charged.

■ Through his plea agreement, Spencer waived his right to appeal his sentence, so long as he was sentenced within the applicable guideline range. He was sentenced at the low end of the guideline range; thus, any appeal of his sentence has been waived. A waiver provision in a plea agreement is binding so long as it is made knowingly and voluntarily. *See Hunter v. United States,* 160 F.3d 1109, 1113 (6th Cir.1998); *United States v. Ashe,* 47 F.3d 770, 775–76 (6th Cir.1995). Nothing suggests that Spencer's assent to this provision was unknowing or involuntary. Although the district court erroneously advised Spencer that he retained the right to challenge his sentence on appeal during the sentencing proceedings, the agreement of the parties regarding this provision should not be disturbed. *United States v. Fleming,* 239 F.3d 761, 764 (6th Cir.2001).

Finally, we note a clerical error that may be corrected pursuant to Fed. R.Crim.P. 36. At sentencing, the district court orally pronounced a thirty-two month sentence on count one of the indictment. The written judgment, however, reflects a thirty-three month sentence on this count. Generally, when a clear discrepancy exists between an orally imposed sentence and the written judgment, the oral sentence controls. *United States v. Cofield,* 233 F.3d 405 (6th Cir.2000) (citing *United States v. Schultz,* 855 F.2d 1217, 1225 (6th Cir.1988)), *cert. denied,* 532 U.S.

952, 121 S.Ct. 1424, 149 L.Ed.2d 364 (2001). Therefore, in the absence of further clarification, the written judgment is viewed as a clerical mistake which may be corrected by the district court at any time pursuant to Fed.R.Crim.P. 36.

Lastly, we have reviewed the record and conclude that no other nonfrivolous issue exists. Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment of conviction and sentence. Rule 34(j)(2)(C), Rules of the Sixth Circuit.