**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Charles Keith MOODY, Defendant– Appellant.**

**No. 02–2094.**

United States Court of Appeals, Sixth Circuit.

May 15, 2003.

Before BOGGS and DAUGHTREY, Circuit Judges; and OBERDORFER, District Judge.*

*ORDER*

Charles Keith Moody appeals his judgment of conviction and sentence. The case has been referred to this panel pursuant to

Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

Moody pleaded guilty to a charge of conspiracy to possess with the intent to distribute 50 grams or more of crack cocaine, a violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(iii). He was sentenced to 132 months of imprisonment to be followed by 5 years of supervised release.

In this timely appeal, Moody's appointed counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Moody was notified of counsel's motion to withdraw, but he has not responded.

We will grant the motion to withdraw. The *Anders* brief submitted by counsel reflects that counsel has reviewed the entire record and proceedings. Independent review of the record shows that counsel accurately submits that this case presents no colorable issue for appeal.

The district court properly accepted Moody's valid guilty plea. A plea of guilty is valid if entered knowingly, voluntarily, and intelligently; its validity is determined under the totality of the circumstances. *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *Brady v. United States*, 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The Constitution requires that such circumstances reflect that the defendant be informed of all the direct consequences of his plea. *Brady*, 397 U.S. at 755. The district court assured that Moody understood the constitutional rights he was waiving, the statutory maximum sentence he faced, and the applicability of the Sen-

---

* The Honorable Louis F. Oberdorfer, United States District Judge for the District of Co-   lumbia, sitting by designation.

tencing Guidelines. The district court explained that no specific sentence was guaranteed by the plea agreement. Fed. R.Crim.P. 11(c)(1), (c)(3). Finally, the court painstakingly established that there was a factual basis for Moody's plea.

The district court also properly sentenced Moody. Moody qualified as a career offender and was facing a guideline sentencing range of 202–to–327 months of imprisonment. Nevertheless, the sentencing judge departed downward, pursuant to USSG § 4A1.3 and § 5K2.0, by four points because Moody's criminal history overstated the likelihood that he would commit further crimes. On the government's § 5K1.1 motion, the court reduced the offense level an additional three points. Finally, the court granted Moody the maximum three-point reduction, under § 3E1.1, for acceptance of responsibility. These reductions lowered the range of sentencing to 130–to–162 months of imprisonment, and the court ultimately imposed a sentence of 132 months of incarceration.

Lastly, we have reviewed the record, and we conclude that no other nonfrivolous issue exists. Accordingly, we GRANT counsel's motion to withdraw and AFFIRM the district court's judgment of conviction and sentence. Rule 34(j)(2)(C), Rules of the Sixth Circuit.