NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0636n.06

No. 09-1459

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Oct 01, 2010**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR WESTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| CHARLES KEITH MOODY, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

**Before: GILMAN and WHITE, Circuit Judges; and THAPAR, District Judge.**[*]

**AMUL R. THAPAR, District Judge.** The defendant Charles Keith Moody appeals from the district court's order denying his motion for reduction of sentence under 18 U.S.C. § 3582(c)(2). We AFFIRM.

**I**

In June 2002, the defendant pled guilty to conspiracy to distribute and possess with intent to distribute at least 50 grams of cocaine base. *United States v. Moody*, No. 1:02-94-01 (W.D. Mich. Mar 23, 2009), R. 87 (Judgment) at 1. The probation office prepared a Presentence Report concluding that Moody was a career offender to be sentenced under § 4B1.1 of the Sentencing Guidelines rather than the otherwise applicable crack-cocaine Guidelines range. *Moody*, No. 1:02-94-01, R.66 ("PSR"). One of the necessary "crimes of violence" supporting his designation as a

_____

[*]The Honorable Amul R. Thapar, United States District Judge for the Eastern District of Kentucky, sitting by designation.

career offender was a walk-away offense in which Moody left a corrections center to seek psychiatric help after learning of his mother's violent death. *Id.* ¶ 42.

As a career offender, Moody's recommended offense level was 34, and his criminal history category was VI. *Id.* ¶¶ 36, 47. The suggested sentencing range was 262-327 months. *Id.* ¶ 80. But the Probation Office proposed a 168-month sentence, in part because the peaceful circumstances of Moody's walk-away offense justified a downward departure under § 5K2.0. *Moody*, No. 1:02-94-01, R. 66 (Sentencing Recommendation). The recommended sentence fell within the sentencing range that would have applied under the otherwise applicable crack-cocaine Guidelines range.[1]

The district court arrived at a different sentence. It started out by agreeing that Moody was a career offender. As a result, Moody's base offense level was 37, less three levels for acceptance of responsibility. *Moody*, No. 1:02-94-01, R.71 (Sentencing Hr'g Tr.) at 14-15. The court further reduced the offense level by four because Moody's designation as a career criminal "overstate[d] his criminal history significantly"—though it did not specify the section of the Sentencing Guidelines supporting the departure. *Id.* at 17. And it reduced the offense level still further for Moody's cooperation with the government. *Id.* at 19. With an offense level of 27 and criminal-history category of VI, Moody's sentencing range was 130 to 162 months of imprisonment. *Id.* The court sentenced Moody to 132 months. *Id.* at 31.

---

[1]Moody's offense level under the crack cocaine Guidelines range would have been 31, and the criminal history category would have been V. *See* PSR ¶¶ 32, 46. The Guidelines range therefore would have been 168-210 months. U.S.S.G. § 5A.

In May 2008, Moody filed a pro se motion for reduction of his sentence under 18 U.S.C. § 3582(c)(2). *Moody*, 1:02-94-01, R. 100. Section 3582(c)(2) permits a sentence reduction for defendants whose sentences were "based on" a Guidelines range subsequently amended by the Sentencing Commission. Moody claimed that he was eligible for a reduction in light of amendments to the Sentencing Guidelines that "made a reduction in the base offense level for crack-cocaine offenses retroactive," because his "sentence was based, at least in part, on crack cocaine." *Id.* The district court denied the request because "the defendant's actual guideline sentencing range was determined by the career-offender guideline . . . not the crack cocaine guideline. The career-offender guideline has not been amended." *Moody*, 1:02-94-01, R. 108. Moody appeals that denial.

**II**

Moody contends that the district court erred in denying his § 3582(c)(2) motion for two reasons. First, he argues that the crack-cocaine Guidelines range played a role in determining his ultimate sentence. Reply Br. at 4-6. Moody's sentence included a four-level downward departure from the career-offender range, which he says was recommended in the same Presentence Report that ultimately suggested a sentence within the crack-cocaine Guidelines range. *Id.* at 6. As a result, Moody argues that his sentence was "based on" the crack-cocaine Guidelines range for the purposes of § 3582, purportedly making him eligible for a reduction on the basis of an amendment to that range. Second, Moody asserts he is eligible for a reduction under the crack-cocaine Guidelines range because he was incorrectly sentenced under the career-offender Guidelines range. He argues that one of the crimes of violence supporting his career-offender designation—the walk-away escape from

- 3 -

a correctional facility—is no longer a crime of violence in light of our recent decision in *United States v. Ford*, 560 F.3d 420 (6th Cir. 2009). App. Br. at 9-14. The first claim lacks merit, and the second claim must be brought as part of a habeas challenge and not through § 3582.

With respect to Moody's first argument, another panel of this court decided the same issue against him during the pendency of his appeal. In *United States v. Pembrook*, this court held that a defendant sentenced as a career offender was not eligible for a § 3582 reduction on the basis of an amendment to the crack-cocaine Guidelines range. 609 F.3d 381, 382, 387 (6th Cir. 2010). It reached this result even though the sentencing court departed from the career-offender Guidelines range under U.S.S.G. §§ 4A1.3 and 5K2.0 to a sentence within the otherwise applicable crack-cocaine Guidelines range. *Id.* at 383. There, too, Pembrook argued that the departure was justified because the career offender designation "significantly over represent[ed] the seriousness of his past conduct." *Id.* The panel explained that, read along with the Guidelines policy statements, § 3582 will permit a sentence reduction only in the face of an amendment to a defendant's "applicable guideline range." *Id.* A defendant's "applicable guideline range," is the "range that applied before the sentencing court grants any discretionary departures." *Id.* at 387. There, as here, that range was the one for career offenders. *Id.*

Moody's second argument, that he would not be a career offender if sentenced today, does not supply a basis for relief under § 3582 either. He asserts that our decision in *Ford*, 560 F.3d at 425, removed the "crime of violence" label from his walk-away offense. App. Br. at 10-11. As a result, he contends, his record does not include the requisite number of crimes of violence to support

a career-offender designation. *Id.* This amounts to an argument that Moody's sentence is incorrect in light of a change in circuit law. But § 3582 is available only in the wake of the Sentencing Commission's changes to the Guidelines. *United States v. Carter*, 500 F.3d 486, 490-91 (6th Cir. 2007) (rejecting a § 3582 challenge under *United States v. Booker,* 543 U.S. 220 (2005), to the reasonableness of a sentence because *Booker* neither represented a change by the Sentencing Commission nor a change to the Guidelines). Such challenges are appropriately brought under 28 U.S.C. § 2255.[2] *Carter,* 500 F.3d at 491; *see also United States v. Spencer*, 38 F. App'x 269, 270 (6th Cir. 2002) (holding that a defendant who "was improperly sentenced because he did not use a firearm during a bank robbery" was not one of the "specific circumstances under which a district court may modify a defendant's sentence" under § 3582).

The defendant responds that he is in fact eligible for relief under § 3582 because "Congress and the courts have directed that Mr. Moody should not be sentenced as a career offender." App. Br. at 12. But this cannot mean that § 3582 is a source of relief. After all, § 3582, also written by Congress, specifically provides that relief is available only on the basis of changes to the Guidelines by the Sentencing Commission. *See Carter*, 500 F.3d at 490.

---

[2]The court cannot simply re-construe Moody's motion as falling under § 2255. The defendant acknowledges that he did not raise the argument below. App. Br. at 18. Yet district courts have original jurisdiction over § 2255 motions. 28 U.S.C. § 2255 ("A prisoner in custody . . . may move the court which imposed the sentence[.]"). Appellate courts decline to hear arguments raised under § 2255 for the first time on appeal. *See, e.g., United States v. Beierle*, 77 F.3d 1199, 1201 (9th Cir. 1996). Furthermore, the defendant has already filed one § 2255 motion. *Moody*, No. 1:02-94-01, R. 99. According to § 2255(h), he must seek leave with this court before filing another.

It is true that the Third Circuit, in *United States v. Hopkins*, held that if the defendant in that case had "not been properly sentenced as a career offender," he could "file a motion pursuant to 18 U.S.C. § 3582(c) for a reduction of the sentence he is currently serving." 577 F.3d 507, 509 (3d Cir. 2009). But that holding does not mean that we could grant Moody relief at this stage. In *Hopkins*, the court was reviewing the validity of the defendant's designation as a career offender on *direct appeal* of his sentence—not a district court's refusal to later grant a sentence reduction under § 3582(c)(2). 577 F.3d at 508-09. The Third Circuit merely observed that, if it invalidated application of the career-offender Guidelines range to the defendant on direct appeal, the defendant could *then* file a § 3582 motion to take advantage of an amendment to the crack cocaine Guidelines. It did not hold that a § 3582 motion is itself an appropriate vehicle for challenging application of the career-offender Guidelines range.

Additionally, the Third Circuit's holding does not mean that this court could consider the propriety of Moody's career-offender designation as a predicate to resolving the § 3582 motion. In *Hopkins*, the Third Circuit was still in a position to evaluate the propriety of the defendant's sentence because the case was on direct appeal, so the sentence had not yet become a final judgment. *Cf. United States v. Rangel-Ibarra*, No. 08-40503, 2010 WL 1752124, at *1 (5th Cir. Apr. 30, 2010) ("A conviction is final if it is no longer subject to challenge on direct appeal or discretionary review by any court."); *Green v. Palakovich*, 606 F.3d 85, 113 (3d Cir. 2010) ("[T]he Supreme Court has carefully set out the different concerns in the pre-finality (direct appeal) and post-finality (collateral attack) application of new rules."). Here, however, Moody long ago exhausted his avenue of direct

appeal. *See United States v. Moody*, 63 F. App'x 238 (6th Cir. 2003) (affirming conviction and sentence). His judgment is now final. *See* 18 U.S.C. § 3582(b) ("Notwithstanding the fact that a sentence can subsequently be . . . modified pursuant to the provisions of subsection (c) . . .[,] a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes."). The scope of our review of Moody's otherwise final sentence is therefore bounded by the "limited and narrow exception to the rule that final judgments are not to be modified" provided by § 3582(c)(2). *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003). As this court has held, this "limited and narrow" exception to the finality of sentences does not include review of the underlying merits of a convict's sentence. *Spencer*, 38 F. App'x at 270.

### III

For the foregoing reasons, we AFFIRM.