James M. **BLAND**, III, Appellant

v.

Jeh Charles **JOHNSON**, Appellee.

No. 14–5283.

United States Court of Appeals,
District of Columbia Circuit.

March 1, 2016.

Phillip Robert Kete, Esquire, Chesapeake Beach, MD, for Appellant.

R. Craig Lawrence, Vincent H. Cohen, U.S. Attorney's Office, Joshua Marc Salzman, U.S. Department of Justice, Benjamin Charles Mizer, U.S. Department of Justice (DOJ), Office of the Assistant Attorney General, Charles Wylie Scarborough, U.S. Department of Justice (DOJ), Office of the Attorney General, Washington, DC, for Appellee.

Before: ROGERS and WILKINS, Circuit Judges, and WILLIAMS, Senior Circuit Judge.

## JUDGMENT

PER CURIAM.

This appeal from the order of the United States District Court for the District of Columbia was presented to the court and briefed and argued by counsel. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. R. 36(d). It is

**ORDERED AND ADJUDGED** that the judgment of the district court dismissing appellant's Title VII claims be affirmed for

the reasons stated by the district court. See *Bland v. Johnson,* 66 F.Supp.3d 69 (D.D.C.2014). We must, however, reverse the district court's unexplained denial of Bland's motion, filed pursuant to Fed. R.Civ.P. 59(e) & 15(a), for alteration of the judgment and leave to amend his complaint to include constitutional claims. We review the District Court's denial of that motion for abuse of discretion, *Ciralsky v. CIA,* 355 F.3d 661, 671 (D.C.Cir.2004), but "outright refusal to grant [a post-appeal motion for leave to amend] without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

We stress that our reversal and remand reflects the district court's lack of explanation rather than a determination that Bland's motion should have been granted; we note that Bland had failed to raise his postjudgment claims either in his initial or his amended complaint. Nonetheless, we are unable to affirm because we lack a sufficiently obvious indication from the record that Bland's motion was barred by an appropriate reason. *Id.* We therefore remand to allow the district court to consider Bland's motion and provide a statement of reasons for granting or denying it.

Pursuant to Rule 36 of this court, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing *en banc.* See Fed. R.App. P. 41(b); D.C.Cir. R. 41.