<u>NOT RECOMMENDED FOR PUBLICATION</u>
File Name: 20a0471n.06

Case No. 17-5941

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Aug 10, 2020
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| LANDREO LURRY, | ) | |
| | ) | |
| Petitioner - Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| UNITED STATES OF AMERICA, | ) | TENNESSEE |
| | ) | |
| Respondent - Appellant. | ) | **OPINION** |
| | ) | |

BEFORE: GIBBONS, LARSEN, and NALBANDIAN Circuit Judges.

NALBANDIAN, Circuit Judge. Before this panel is another appeal concerning the fallout from *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017) (en banc) (*Stitt I*), *rev'd*, 139 S. Ct. 399 (2018). Landreo Lurry pleaded guilty as a felon in possession of a firearm. The district court enhanced his sentence because his three prior convictions under Tennessee's aggravated burglary statute qualified at that time as violent felonies under the Armed Career Criminal Act (ACCA). After *Stitt I*, Lurry's prior convictions no longer qualified as violent felonies and so the district court granted him time-served relief. The government appealed while it was asking the Supreme Court to review *Stitt I*. And now that the Supreme Court has reversed *Stitt I*, the government wants Lurry's original sentence imposed. Given the Supreme Court's and our precedent, we agree and now VACATE the district court's judgment and REMAND for proceedings not inconsistent with our decision.

No. 17-5941, *Lurry v. United States*,

## I.

Lurry pleaded guilty to violating 18 U.S.C. § 922(g). *See United States v. Lurry*, 483 F. App'x 252, 252–53 (6th Cir. 2012). The district court then concluded that Lurry qualified for a sentencing enhancement under the ACCA given his three prior convictions for aggravated burglary in Tennessee. So it sentenced him to 180 months' imprisonment followed by 3 years' supervised release.

Then came Lurry's first appeal. As part of his guilty plea, Lurry had reserved his right to challenge the district court's refusal to suppress evidence. *Lurry*, 483 F. App'x at 252. He challenged his conviction on those grounds alone and this court affirmed. *Id.* at 253–55.

Proceeding pro se, Lurry moved this court in 2013 under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. And the next year, Lurry moved the district court to reduce his sentence under 18 U.S.C. § 3582(c)(2). In the first motion, he argued for a sentence reduction because the Sentencing Guidelines "did not include the offense of unlawful possession of a firearm by a felon[.]" (R. 96, Mot., PageID 458 (criminal docket); R. 9, Mot., PageID 100.) In the second, he argued the district court erroneously "separated and counted [his] two prior felon Aggravated Burglaries convictions as two convictions" even though they involved the same parties (Lurry and co-defendants) and "occurred on the same date just hours apart[.]" (R. 97, Mot., PageID 468 (criminal docket); R. 10, Mot., PageID 110.)

In June 2016, as part of his habeas claim, Lurry also challenged his sentence under *Johnson v. United States*, 135 S. Ct. 2551 (2015). He argued that his prior convictions for aggravated burglary in Tennessee did not qualify as violent felonies and could not support his enhanced sentence. But the court administratively closed Lurry's habeas proceedings given this court's decision, at that point, to rehear en banc the panel decision in *United States v. Stitt*, 637 F. App'x

2

No. 17-5941, *Lurry v. United States*,

927 (6th Cir. 2016).[1]  The panel, following circuit precedent, had concluded that Tennessee

aggravated burglary remained categorically a violent felony under the ACCA.

The en banc court disagreed.  *See Stitt I*, 860 F.3d 854.  So after *Stitt I*, aggravated burglary

under Tenn. Code Ann. § 39-14-403 no longer qualified as an ACCA predicate in this circuit.  *Id.*

at 858.  *Stitt I* also overruled this court's prior decisions holding otherwise: *United States v. Priddy*,

808 F.3d 676 (6th Cir. 2015), and *United States v. Nance*, 481 F.3d 882 (6th Cir. 2007).

After the *Stitt I* en banc decision, the probation office submitted a memorandum to the

district court recommending relief to Lurry based on *Stitt I*.  The district court ordered the

government to respond.  The government recognized that Lurry was entitled to relief.

Nevertheless, it stated that "[t]he law on whether convictions under statutes like Tennessee's

aggravated burglary statute qualify as ACCA predicates remains unsettled and it is quite possible

the Supreme Court will review the matter 'soon.'  The United States submits *Stitt* [*I*] was wrongly

decided and preserves the argument here for future purposes."  (R. 17, Response, PageID 142

(quoting *Stitt I*, 860 F.3d at 868 (Boggs, J., concurring)).)

The government recognized, "[h]owever, [that] *Stitt* [*I*] [wa]s [at that time] binding case

law in this circuit, and under *Stitt* [*I*], LURRY's prior aggravated burglary convictions are not

violent felonies." (*Id.*)  And "[w]ithout th[o]se convictions, LURRY would not qualify as an armed

---

[1] About a year after Lurry made his request for review under *Johnson*, he also moved the district court to supplement his § 2255 motion with an argument grounded in *Mathis v. United States*, 136 S. Ct. 2243 (2016).  In that motion he argued that under *Mathis*, "burglaries are not violent crimes within the meaning of the 4b1.2 guidelines."  (R. 15-1, Mem., PageID 135.)  He also asserts that the "Tennessee burglary statute is an indivisible statute and . . . indivisible statute[s] cannot be used as a predicate for an ACCA enhancement." (*Id.* at 136.)  He contends that *Mathis* "makes clear that sentencing courts may no longer" "reference record documents to determine a defendant[']s prior conviction" as well.  (*Id.* at 135.)  And the government, he contends, has the burden to produce *Shepard* documents for sentencing but failed to do so.  For those reasons, he urged the court to find that his three "prior convictions are disqualified from the ACCA enhancement." (*Id.* at 136.)

career criminal." (*Id.*) His guidelines range "would [instead] be 51–63 months" and at that point Lurry had served "approximately 95 months[.]" (*Id.* at 143.) So the government recommended that "[i]f th[e district c]ourt grant[ed] [Lurry's] § 2255 motion, it should vacate his sentence and impose a sentence of time served, effective immediately, without setting the matter for a formal resentencing or otherwise 'requiring the production of the prisoner.'" (*Id.* (quoting § 2255(c)).)

The district court agreed. It acknowledged the government's position—that *Stitt I* was wrong. It also acknowledged the government's ability to "stay [] the issuance of the mandate" in *Stitt I* "so that it may file a petition for writ of certiorari in the U.S. Supreme Court" in that case. (R. 18, Order, PageID 157 n.4.) Even so, the district court explained that it "should not defer ruling on Lurry's § 2255 request" because "[f]or now, *Stitt* [*I*] [wa]s binding on th[e] Court." (*Id.* at 157–58 n.4.)

On that basis, the district court granted Lurry's request for relief under *Johnson*. The court exercised its discretion to "correct [the] sentence without requiring the production of the prisoner" and "sentenced [Lurry] to time served, to be followed by a three-year period of supervised release." (*Id.* at 158.) It accordingly denied Lurry's two motions to reduce his sentence under § 3582(c)(2) along with his motion to supplement his § 2255 motion as moot. And it did the same with Lurry's first argument in his § 2255 motion—that his attorney provided ineffective assistance during sentencing by failing to argue Lurry's aggravated-burglary convictions did not qualify as violent felonies under the ACCA.

But it rejected two remaining arguments from Lurry's original § 2255 motion. First, it found that Lurry's appellate counsel did not provide ineffective assistance. This court's precedent foreclosed the argument that Lurry asserted appellate counsel should have raised—that the traffic stop leading to Lurry's arrest was unconstitutional. And second, it found that Lurry did not receive

ineffective assistance of counsel during his guilty plea because his counsel "warn[ed] him about the possibility of being sentenced as an armed career criminal" and explained the consequences of that possibility. (*Id.* at 166.) So his counsel did *not* coerce him into entering his guilty plea by either providing him a faulty sentencing estimate or failing to advise him about possible consequences under the ACCA. The district court entered its judgment on Lurry's § 2255 motion on July 20, 2017.

The government timely appealed. Before the parties filed their appellate briefs, the government petitioned for and the Supreme Court granted certiorari in *Stitt I*. So this court granted the government's motion to hold this appeal in abeyance. After the Supreme Court issued its decision reversing *Stitt I*, the government filed a status report "request[ing] that this appeal proceed in the regular course." (A.R. 26, Status Report, 2.)

## II.

On appeal, the government asks us to vacate the district court's judgment in light of *United States v. Stitt*, 139 S. Ct. 399 (2018) (*Stitt II*), and to remand to the district court to reinstate Lurry's original sentence. Lurry on the other hand asks us to find that his prior convictions are not violent felonies under the ACCA and to affirm the district court's decision. Alternatively, if we do not affirm the district court's decision, Lurry asks us to remand so that the district court may review in the first instance Lurry's arguments against applying the ACCA enhancement as well as the previously moot arguments Lurry raised in his original § 2255 motion, his motion to supplement, and his § 3582 motions.[2]

---

[2] Lurry also filed a letter under Federal Rule of Appellate Procedure 28(j) urging us to dismiss the government's appeal and vacate his underlying conviction or at a minimum order supplemental briefing because of *Rehaif v. United States*, 139 S. Ct. 2191 (2019). But this court has already denied Lurry supplemental briefing on those grounds given that Lurry failed to cross appeal the decision although the district court "handed both [parties] . . . a loss below." *Lurry v. United States*, No. 17-5941, 2019 U.S. App. LEXIS 36863, at *3 (6th Cir. Dec. 12, 2019) (Order).

**A.**

Before addressing the merits, we must determine whether we can resolve the arguments on appeal and our standard of review. Lurry urges us to find that the government waived the arguments it raises on appeal or that it invited error or failed to preserve those arguments.

Although the government agreed that, under *Stitt I*, Lurry's prior convictions no longer qualified as violent felonies, it explained it disagreed with *Stitt I* and explicitly "preserve[d] the argument here for future purposes." Given those statements, we cannot find the government "intentional[ly] relinquish[ed] or abandon[ed]" the arguments it makes on appeal (that the district court erroneously granted Lurry relief under *Stitt I*). *United States v. Olano*, 507 U.S. 725, 733 (1993) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). So we cannot agree that the government waived those arguments. Nor do we agree that the government invited error. *See United States v. Morris*, --- F. App'x ---, 2020 WL 2299628, at *2 (6th Cir. May 8, 2020) (concluding that "there was no error to invite" in a near-identical situation); *United States v. Tigue*, 811 F. App'x 970, 973–74 (6th Cir. 2020) (same).

We also conclude that the government preserved the error it now raises on appeal. Lurry urges us to conclude that the government did not because it "did not move to stay proceedings in the district court." (Appellee's Br. at 15.) But he cites no authority supporting his position—that failure to stay proceedings here bars the government's appeal. And in fact, this court has already permitted a government appeal in near-identical circumstances. *See Tigue*, 811 F. App'x at 973–74. The failure to move for a stay will not moot a case where we can still grant meaningful relief.

---

And we generally decline to hear issues raised under § 2255 for the first time on appeal anyway, let alone those raised for the first time in a Rule 28(j) letter. *See United States v. Moody*, 397 F. App'x 201, 203 n.2 (6th Cir. 2010); *see also In re Lewis*, 398 F.3d 735, 748 n.9 (6th Cir. 2005). So we don't address Lurry's *Rehaif* argument in this appeal.

*Al-Dabagh v. Case W. Rsrv. Univ.*, 777 F.3d 355, 359 (6th Cir. 2015). And here, Lurry's sentence can be reinstated.

Lurry also contends that the government did not set forth what it was preserving with sufficient specificity. *See United States v. Bostic*, 371 F.3d 865, 871 (6th Cir. 2004). We disagree. This is not a situation in which the government "only sa[id] that [it] has further objections and wishes to preserve them, omitting any explanation as to what they are" or where the government objected "at such a high degree of generality that the district court ha[d] no opportunity to correct its purported error and the court of appeals has been deprived of a more detailed record to review." *United States v. Simmons*, 587 F.3d 348, 357–58 (6th Cir. 2009). And the government's "objection was [not] 'too loosely formulated and imprecise to apprise the trial court of the legal grounds for [its] complaint.'" *United States v. LeBlanc*, 612 F.2d 1012, 1014 (6th Cir. 2017) (quoting *United States v. Arteaga-Limones*, 529 F.2d 1183, 1199 (5th Cir. 1976)). The government's argument was clear—it questioned *Stitt I*'s validity. And its rationale was apparent from the documents that it filed in *Stitt I*. In this context, that was sufficient.

**B.**

Because the government properly preserved the arguments it now raises, this panel reviews de novo the district court's determination of whether Lurry's prior convictions qualify as violent felonies under the ACCA. *See Braden v. United States*, 817 F.3d 926, 930 (6th Cir. 2016).

On appeal, Lurry asks us to find his prior Tennessee convictions do not qualify as violent felonies under the ACCA for three reasons. First, Lurry's intent argument. He claims the (a)(3) variant of Tennessee aggravated burglary, *see* Tenn. Code Ann. §§ 39-14-403 and 39-14-402(a)(3), fails to include an adequate intent requirement. (Appellee's Br. at 23–31 (explaining that the statute does not include a contemporaneous intent requirement and "does not require the

intent to commit a crime at all").) Under Tennessee law, where a statute "does not plainly dispense with a mental element, . . . recklessness suffices to establish the culpable mental state." (*Id.* at 29–30 (quoting Tenn. Code Ann. § 39-11-301(c)).) But generic burglary, Lurry argues, "requires intent to commit a crime at the time of the unlawful or unprivileged entry or the initial 'remaining in' without consent." (*Id.* at 25 (quoting *United States v. McArthur*, 850 F.3d 925, 939 (8th Cir. 2017)); *see also id.* at 30.) Given that and the fact that this court found that "the Tennessee aggravated burglary statute is indivisible[,]" Lurry urges this court to find that Tennessee aggravated burglary is categorically not a violent felony under the ACCA. (*Id.* at 26–27 (quoting *Snider v. United States*, 908 F.3d 183, 188 (6th Cir. 2018)).) If this court finds, however, that the modified categorical approach applies, Lurry argues that he would still win because "it appears that at least one of [his] . . . previous Tennessee aggravated burglary convictions came under" (a)(3). (*Id.* at 28.)

Second, Lurry argues that Tennessee aggravated burglary "does not require an entry" and "requires only an attempted entry." (*Id.* at 31–32 (emphasis omitted).) He explains that common law "and a majority of jurisdictions make clear that an entry is made when any part of the person, such as a hand, crosses the threshold of the building." (*Id.* at 32.) When only an instrument crosses a threshold, Lurry explains, "the law on burglary [makes] . . . a distinction based on the person's purpose in using that instrument." (*Id.* at 32–33.) In those majority jurisdictions and at common law, "[c]rossing the threshold with an instrument . . . simply to break-in is merely an attempted entry." (*Id.* at 33–35.) So "generic burglary may be committed when an instrument crosses the threshold and it is being used in an effort to commit the intended felony, but not when that instrument is being used solely in an attempt to make entry." (*Id.* at 35.) A few jurisdictions, including Tennessee, however, "have adopted a broader rule": Entry in Tennessee "occurs

whenever any instrument crosses the threshold" regardless of "whether that instrument is used solely to effect entry, or to accomplish the intended larceny or felony as well[.]" (*Id.* at 34 (quoting *People v. Davis*, 958 P.2d 1083, 1086 (Cal. 1998)).) Thus, according to Lurry, Tennessee burglary criminalizes more than generic burglary given its broader entry element.

Third, Lurry argues that Tennessee aggravated burglary "does not require an affirmative act to gain entry, such as words or conduct inducing the property owner's consent at the time of entry." (*Id.* at 42.) Instead, that statute criminalizes entry or remaining "without the effective consent of the property owner" ("deception") as well. (*Id.* at 43 (quoting Tenn. Code Ann. § 39-14-402) (explaining Tennessee law defines "deception" as "knowingly" "fail[ing] to correct a false impression" (internal alteration omitted) (quoting Tenn. Code Ann. § 39-11-106(a)(7)(A)(iii))).) In Tennessee, Lurry explains, "it is enough that [the defendant] allowed a misperception to persist for some reason unrelated to the later crime, in order to be convicted of aggravated burglary." (*Id.* at 44–45.) But Lurry asserts that generic burglary does contain an affirmative-act requirement. (*Id.* at 43–45.) Once again, on those grounds, Lurry argues his prior convictions are overbroad and do not qualify as violent felonies under the ACCA.

Simply stated, this court's precedent after *Stitt II* forecloses his arguments that his prior Tennessee convictions do not qualify as violent felonies under the ACCA. *See Brumbach v. United States*, 929 F.3d 791, 794 (6th Cir. 2019); *see also Tigue*, 811 F. App'x at 975 ("*Brumbach* closed the book on Tennessee aggravated burglary[.]"). And a panel of this court cannot overrule a prior panel decision absent an inconsistent decision of the Supreme Court or this court sitting en banc. *See Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985).

Even if *Brumbach* did not foreclose Lurry's arguments, we have separately addressed and rejected every one of them. First, the Supreme Court has by now rejected Lurry's assertion that

9

generic burglary requires the defendant have the intent to commit a felony at the "initial 'remaining in' without consent." *See Quarles v. United States*, 139 S. Ct. 1872 (2019). This circuit's precedent also forecloses his intent argument targeted at the (a)(3) variant of Tennessee burglary incorporated by Tennessee's aggravated-burglary statute. *See Brumbach*, 929 F.3d at 794–95 (explaining that "convictions under subsections (a)(1), (a)(2), *or (a)(3)* of the Tennessee burglary statute . . . fit within the generic definition of burglary" (emphasis added) (quoting *United States v. Ferguson*, 868 F.3d 514, 515 (6th Cir. 2017))); *see also Morris*, 2020 WL 2299628, at \*3–4 (explaining that this court has "already examined" the language in the (a)(1), (a)(2), and (a)(3) variants of burglary under Tennessee law "and concluded that *all three variants* count as ACCA burglary under" Supreme Court precedent (emphasis added)).

Second, this court has specifically rejected the attempted-entry argument Lurry wants to now bring. *Brumbach*, 929 F.3d at 795; *see also Gilliam v. United States*, 804 F. App'x 387, 388–89 (6th Cir. 2020) (collecting cases); *United States v. Brown*, 957 F.3d 679, 683–84 (6th Cir. 2020) (recognizing as much but finding "[the] argument weighty enough to warrant a response from this court on the merits" and rejecting it).

And last, this court rejected the affirmative-acts argument Lurry now brings in *United States v. Stitt*, 780 F. App'x 295 (6th Cir. 2019) (*Stitt III*), *reh'g denied*, (6th Cir. Sept. 26, 2019), *cert. denied*, 140 S. Ct. 2573 (2020) (mem.). In *Stitt III*, a panel of this court concluded that "*despite* Tennessee burglary's inclusion of both 'passive' and 'affirmative' acts of deception within its statutory framework, Tennessee aggravated burglary categorically constitutes generic burglary." 780 F. App'x at 298–301 (emphasis added). We find *Stitt III*'s reasoning persuasive.

Thus, the government correctly argues that Lurry's prior Tennessee convictions do qualify as violent felonies under the ACCA after *Stitt II*.

## C.

The government in its appeal urges us to simply remand for the district court to reinstate Lurry's original sentence. But given our resolution of his arguments on appeal, several arguments Lurry has raised are no longer moot: his ineffective-assistance-of-counsel argument raised in his original § 2255 motion, the arguments raised in his motion to supplement, and the arguments he raised in his two § 3582 motions. The government recognizes this. But it asserts an outcome favorable to it here resolves the arguments remaining in Lurry's § 2255 motion and in his motion to supplement. And it argues that Lurry may simply move the district court for relief under § 3582 in separate proceedings given the district court docketed those motions "in Lurry's criminal case as petitions for resentencing" and so they have "no bearing on his post-conviction proceeding[.]" (Reply Br. at 34.)

It's true that we have in similar circumstances usually remanded for the district court to simply reinstate the original sentence. *See Brown*, 957 F.3d at 683 (collecting cases). But because the district court granted Lurry relief, it never addressed those mooted arguments. It never even decided whether to grant or deny Lurry's motion to supplement his § 2255 motion. And though the government is correct that the district court docketed Lurry's § 3582 motions as part of his criminal docket, the court *also* docketed them as part of his civil proceedings. The court denied those motions as moot as part of the same proceedings where it resolved Lurry's § 2255 motion. So we see no reason to foreclose the district court from resolving these arguments, including whether to grant Lurry's motion to supplement, on remand in the first instance.

## III.

Under *Stitt I*, the district court appropriately afforded Lurry relief. But the Supreme Court overruled *Stitt I*. Our precedent also forecloses any arguments Lurry now raises against applying

the ACCA enhancement based on his prior Tennessee aggravated-burglary convictions. Accordingly, we VACATE the district court's decision that Lurry's prior convictions do not qualify as violent felonies under the ACCA and REMAND for further proceedings not inconsistent with this decision.